## UNITED STATES v. JACKSON.

*(Circuit Court, D. New Hampshire.   May 13, 1880.)*

BANKRUPTCY—CONCEALMENT OF PROPERTY—INDICTMENT FOR.—An indictment under the bankrupt law for wilful and fraudulent concealment of his goods by the bankrupt alleged such concealment some months after the adjudication, "all then and there the property" of him, the said bankrupt. *Held*, that the failure to allege specifically that the property concealed was the property of the bankrupt, at the time of the adjudication in bankruptcy, was a formal defect.

INDICTMENT—DEFECTS IN.—A particular intent which, by the statute, makes an act a crime is matter of substance, but mistakes in expressing the substance of a crime, if the meaning can be understood, will be looked upon as formal defects.

*Mr. O'Ray*, U. S. Attorney, for the United States.

*Mr. Clark*, for respondent.

LOWELL, C. J.   The Revised Statutes, in section 5132, punish a person "respecting whom proceedings in bankruptcy are commenced," whether by his own petition or that of his creditors, "who, with intent to defraud, wilfully and fraudulently conceals from his assignee, or omits from his inventory, any property or effects required by the title to be described therein." The indictment charges such an offence.   It is demurred to upon the ground that there is no intelligible allegation that the goods and chattels said to have been concealed were the property of the defendant when the proceedings were begun. That the defendant was made a bankrupt in March, 1876, and that an assignee was chosen and qualified in April, are set forth in a mode not objected to.   After stating these facts the indictment proceeds to say that Cornelius Coolidge, the assignee, was entitled to have and receive, for the benefit of the defendant's creditors, all the estate and effects assignable under the laws of the United States concerning bankruptcy;

yet that the said Noah Jackson, after the commencement of the proceedings in bankruptcy respecting him, to-wit, on the first day of November, 1876, at Hillsborough, in New Hampshire, did, with intent to defraud his creditors, etc., wilfully and fraudulently conceal from his assignee, and has continued to conceal from him, a large part of his property and effects required by law to be described in the inventory by law required to be filed, no part of which was exempt or belonged to the defendant after said proceedings were commenced, to-wit: "did unlawfully, etc., on said first day of November, conceal, etc., * * * [giving a full description of the horses, harness, etc., with values added, at the end of the description,] and all then and there of the property of him, the said Noah Jackson."

The objection is that the last line in quotation marks refers to the first of November, and alleges that the goods were then the property of the defendant, instead of saying that they were so at the moment of the commencement of the proceeding. If they were his in November, they should not have been given to the assignee, who was entitled only to what was the bankrupt's property in March.

As a criticism upon the allegations of time, I find the objection a sound one. Upon a careful examination of the indictment, which consists of one very long sentence, I understand it to allege that the defendant has concealed property which was of a kind required to be described in his inventory; that it was a great part of what should have come to the possession of the assignee, from which we are to infer that it belonged to the bankrupt on the third day of March, the day when the proceedings were begun. It is nowhere stated affirmatively that the bankrupt owned goods on that day. I think it probable that in using the words "then and there the property of said Noah Jackson," the pleader had in mind to affirm, without particular regard to the date, that these goods were Jackson's own property, and not those of a third person, or held by him in trust.

Is this defect fatal? Section 1025 of the Revised Statutes requires the courts not to hold an indictment insufficient

for any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant; that is, if the defect is one of form, and the indictment is not so defective in form as to be likely to prejudice the defendant, the defect may be disregarded, or perhaps amended.

It is somewhat difficult to say what is form, and what is substance, in an indictment. A nice critic might insist that form is substance in criminal pleading, but the statute is intended to have some operation, and I have been disposed to give it a liberal construction. I have held that a particular intent, which made an act a crime by the words of a statute, is part of the substance. On the other hand, mere mistakes, however serious, in expressing the substance of a crime, if the meaning can be understood, I look upon as formal.

By this rule I hold that the allegations of time in this indictment, one of which is repugnant to the other, amounts to a formal defect or imperfection; it being set out informally, but with no danger of mistake, that the defendant is accused of wilfully and fraudulently concealing from his assignee property which he should have given up to him for the use of the creditors.

Demurrer amended.