AMMERMAN v. UNITED STATES.*

(Circuit Court of Appeals, Eighth Circuit. December 15, 1919.)

No. 5267.

1. PROSTITUTION ☞3—INDICTMENT UNDER WHITE SLAVE TRAFFIC ACT SUFFICIENT.

An indictment under White Slave Traffic Act, § 2 (Comp. St. § 8813), charging that the transportation was unlawfully and feloniously made "for the purpose of debauchery," held sufficient.

2. PROSTITUTION ☞4—COMPETENCY OF EVIDENCE IN PROSECUTION UNDER WHITE SLAVE TRAFFIC ACT.

In a prosecution for violation of White Slave Traffic Act, § 2 (Comp. St. § 8813), evidence of prior illicit relations between defendant and the woman transported is competent.

3. CRIMINAL LAW ☞782(9)—INSTRUCTION AS TO SUFFICIENCY OF EVIDENCE.

Instruction in a criminal case that the jury were required to decide the questions submitted "upon the strong probabilities of the case," fol-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied March 30, 1920.

lowed by a correct statement of the rule as to exclusion of all reasonable doubt, *held* not erroneous.

4. CRIMINAL LAW ⬥⟞⟞768(3)—COERCION OF JURY.

Statement by the court to a jury that it was the rule of the federal courts that they should be kept together until they had agreed upon their verdict *held* not error, as tending to coercion.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Criminal prosecution by the United States against Day Ammerman. Judgment of conviction, and defendant brings error. Affirmed.

Caesar A. Roberts, of Denver, Colo. (John E. Kelley, of McCook, Neb., O. N. Hilton and Leslie M. Roberts, both of Denver, Colo., on the brief), for plaintiff in error.

T. S. Allen, U. S. Atty., of Lincoln, Neb. (F. A. Peterson, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

STONE, Circuit Judge. Error from conviction on one count of an indictment charging transportation of a woman in interstate commerce, for immoral purposes. The errors here urged are: (1) Insufficiency of the indictment. (2) Insufficiency of the evidence. (3) Admission of prior illicit relations between the parties. (4) Erroneous charge. (5) Coercion of the jury.

[1] The attack upon the indictment is based on the claim that it is lacking in any sufficient allegation of the necessary criminal intent. The statute (White Slave Traffic Act, § 2 [Comp. St. § 8813]) condemns such transportation when made "with the intent or purpose on the part of such person to induce, entice or compel her to give herself * * * up to debauchery." The indictment charges that the transportation was unlawfully and feloniously made "for the purpose of debauchery." This is sufficient.

The challenge to the sufficiency of the evidence cannot be sustained.

[2] The evidence of prior illicit relations between accused and the woman charged to have been transported were competent, as bearing upon the element of the intent with which she was this time transported.

[3] The portion of the charge to the jury which is attacked is:

"You are required in a criminal case, such as this, to decide the questions submitted to you upon the strong probabilities of the case; but these probabilities must be so strong as not to exclude all doubts or all possibility of error, but to exclude all reasonable doubts, and when you have attained that degree of conviction, upon which you as prudent men would unhesitatingly act in the most important affairs of life, you can be sure that you have reached that state of conviction that excludes all reasonable doubt."

The objection is to the statement that the jury are to decide "upon the strong probabilities of the case." That portion of the charge is almost verbatim identical with one approved in Dunbar v. United States, 156 U. S. 185, 199, 15 Sup. Ct. 325, 39 L. Ed. 390.

[4] The claim of coercion of the jury is based on a statement made by the court to the jury at the conclusion of the charge, as follows:

"Now, in criminal cases in this court we follow the common-law practice of keeping the jurors all together until the jury have agreed; but the marshal will endeavor to provide you a place to sleep to-night, so as not to keep you up in the jury room.

"The Marshal: We find it a hard matter to get accommodations; still I think we might be able to get accommodations.

"The Court: When you go to the jury room, if you agree on a verdict this evening—it is now a little after 10 o'clock—if you want to take a ballot and see if you can agree within the next half hour, we will be ready to receive your verdict, and that will release you all. If you should not agree, we will have to keep you on hand, and you will continue to deliberate in the morning."

This does not approach coercion.

The judgment is affirmed.