(No. 21343.—

JOSEPH P. CREITZ, Plaintiff in Error, *vs.* JAMES E. BENNETT *et al.* Defendants in Error.

*Opinion filed October 22, 1932.*

ALVIN H. CULVER, and ORVILLE R. SEITER, for plaintiff in error.

Moses, Kennedy, Stein & Bachrach, (Walter Bachrach, and Philip M. Glick, of counsel,) for defendants in error.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error filed in the circuit court of Cook county a declaration consisting of three original and two additional counts, seeking damages against defendants in error for breach of their alleged duty to issue to him, as their former employee, a "letter of clearance." The first original and first additional counts (referred to in the briefs as the "custom counts") alleged that plaintiff in error had for many years engaged in the business of a "customer's man and branch manager for the purchase and sale of corporate stocks," etc., and was for some years employed by defendants in error as a customer's man and branch manager. It is there alleged that after the termination of his services with defendants in error, he on March 27, 1931, sought employment as a customer's man with a firm of stock brokers of Los Angeles, California, which was a member of the New York Stock Exchange; that at that time, and prior thereto, there was a uniform, universal and well established custom in the United States among all stock brokers who were members of the New York Stock Exchange, to furnish any other stock broker who was a member of that exchange, upon request of such other broker, full and complete information as to the business qualifications, honesty and record of any customer's man or branch manager formerly employed by any such stock broker covering the period of such employment whenever such former employee should make application to any other broker for such employment in that capacity, and that, as a part of that custom, when the record of such former employee so justified it, such broker as former employer gave what is known in the trade as a "letter of clearance."

These counts allege that plaintiff in error's employment by the Los Angeles firm of brokers was conditioned on his record satisfactory to his former employers; that his new employer sought information from the defendants in error as to plaintiff in error's qualifications, honesty and record during his employment by them, which information was refused, whereby he became unable to secure employment of that character and was damaged. He also avers that this custom became a part of his contract of employment. The second count and second additional count are based on slanderous statements alleged to have been made by defendants in error to plaintiff in error's new employer.

General and special demurrers were filed to each count of the declaration and later to the additional counts. The grounds of demurrer as to the first original and first additional counts were, that the custom alleged in those counts is contrary to law, and that it is contrary to public policy as expressed in section 4 of article 2 of the constitution, which provides: "Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that liberty; and in all trials for libel, both civil and criminal, the truth, when published with good motives and for justifiable ends, shall be a sufficient defense." The demurrers averred that the custom was contrary to this provision of the constitution. Demurrers were sustained and judgment *nil capiat* was entered. The cause comes here on writ of error on the ground that a constitutional question is considered to be involved, in that the circuit court by its judgment deprived plaintiff in error of his constitutional rights.

Counsel for plaintiff in error argue that the court sustained the demurrers on constitutional as well as other grounds. Even though such was the ruling of the court, a constitutional question is not raised unless such a question can be seen to be fairly involved in the judgment. Notwithstanding silence of the parties as to a question of

the jurisdiction of this court on direct review, it is neces-sary that this court determine the matter. The demurrers admit the facts well pleaded, and the jurisdiction of this court depends upon whether there is fairly involved a question of a violation or the construction of the constitution. Counsel cite cases holding invalid statutes requiring that employers issue clearance cards or letters of clearance to employees when their service is terminated. These cases are not applicable here. No such statute is involved. It is not sought to base the cause of action on a statutory right nor on a by-law or rule of the New York Stock Exchange but upon a custom which it is alleged has become universal by usage and consent of members of that exchange. A statute requiring a course of action which under the constitution one is not required to follow is one thing, and an agreement to do that same thing is quite another. A statute is gauged by the power of the legislature to enact it, while a custom or usage does not depend upon a rule or statute for its existence but arises out of a practice voluntarily carried on from time immemorial and to such a general extent as to become a fixed rule of procedure. It is, and must be, conceded that section 4 of article 2 of the constitution relates to the freedom of speech and has nothing to do with the right of a business to create a custom by long usage and consent. This is true even though, as argued, freedom of speech includes freedom to remain silent. No provision of the constitution is pointed out which affects or prohibits a custom or usage to speak or remain silent. It is not argued that section 4 of article 2 does so, and no other section of the constitution is called to our attention which is said to be violated by such a custom or usage. A "custom" is universally defined as a long established practice considered as unwritten law and resting for authority on long consent. *Lindsay* v. *Cusimano*, 2 Fed. 504; *Albright* v. *Cortright*, 64 N. J. L. 330, 45 Atl. 634; 2 Words and Phrases, p. 1802.

Even though the custom set out in the declaration be unreasonable, as argued, such fact does not raise a constitutional question here, in the absence of reference to some provision of the constitution prohibiting or regulating such custom or usage; nor does the fact that the declaration does not show that plaintiff in error has a right to the benefits of such a custom or usage, as is also argued. These are questions of law, to be decided under the rules of the common law or under the statute and do not involve a constitutional question.

We are of the opinion, therefore, that no question is presented giving this court jurisdiction on direct review, and the cause will be transferred to the Appellate Court for the First District. *Cause transferred.*