**UNITED STATES v. OTERO et al.**

No. 15100.

District Court, W. D. Texas, El Paso Division.

Dec. 11, 1933.

H. L. McCune, Asst. U. S. Dist. Atty., of El Paso, Tex.

W. Joe Bryan and Charles Owen, both of El Paso, Tex., for defendants.

HOLMES, District Judge.

The defendants are charged with the transportation in interstate commerce of two girls for immoral purposes, in violation of the White-Slave Traffic Act of June 25, 1910, § 2, C. 395, 36 Stat. 825, 18 USCA § 398. They have demurred to the indictment on two grounds: First, because it does not allege in the language of the statute that the offense was "knowingly" committed; second, because it does not show that the victims were transported into or through the Western District of Texas.

The pertinent parts of the indictment, omitting formal matters, charge that the defendants, "acting together and each with the other jointly and severally, did unlawfully, willfully and feloniously transport and cause to be transported from one place to another in interstate commerce two certain girls, * * * for immoral purposes, to-wit: for the purpose of inducing and compelling such girls to become prostitutes and give themselves up to debauchery, that is to say, that they, the said (defendants) acting together as aforesaid, did then and there transport and cause to be transported in interstate commerce the said girls (naming them) in an automobile from the City of Las Cruces in the State of New Mexico to a point located at or near the City of El Paso, El Paso County, Western District of Texas at the El Paso Division thereof, and within the jurisdiction of this court, for the immoral purpose aforesaid, that is to say, for the purpose then and there on the part of them, the said (defendants) and each of them, that at the City of El Paso, El Paso County, Texas, and within the jurisdiction of this court, the said victims should each practice prostitution and give themselves up to debauchery."

██ The indictment fails to use the specific word "knowingly," which is employed in the statute to constitute knowledge of the purpose of transportation an ingredient of the offense. The general rule is that all the elements of the offense must be stated, and, if any essential element is omitted, such omission may not be supplied by intendment or implication. The allegations must be made directly, with clearness and certainty, not by way of recital. Pettibone v. U. S., 148 U. S. 197, 202, 13 S. Ct. 542, 37 L. Ed. 419.

On the other hand: "No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant." 18 USCA § 556, Rev. St. § 1025.

██ This statute applies where "some element of the offense is stated loosely and without technical accuracy. Dunbar v. U. S., 156 U. S. 185, 15 S. Ct. 325, 39 L. Ed. 390. The test is whether the indictment contains every element of the offense intended to be charged and sufficiently apprises the accused of what he will be required to meet, and, in case other proceedings are taken against him, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. Horn v. U. S. (C. C. A.) 182 F. 721; Id., 219 U. S. 585, 31 S. Ct. 470, 55 L. Ed. 347. A mistake in expressing the substance of a crime, if sufficiently stated and its meaning is understood, will be looked upon as a formal defect. U. S. v. Jackson (C. C.) 2 F. 502. And, so, if an essential averment be faulty in form yet may by fair construction be found within the text of the indictment it is sufficient, U. S. v. Howard (D. C.) 132 F. 325, for then, manifestly, no wrong can be inflicted upon the defendant." Miller v. U. S. (C. C. A. 3) 50 F.(2d) 505, 508. See, also, Peters v. U. S. (C. C. A. 9) 94 F. 127; Cochran & Sayre v. U. S., 157 U. S. 286, 290, 15 S. Ct. 628, 39 L. Ed. 704.

The conclusion is that, if the essential element of knowledge or scienter has been alleged in the indictment, no matter in what words, the indictment is sufficient in this particular. The language used by the court in Ammerman v. U. S. (C. C. A. 8) 262 F. 124, would indicate that, if the charge be that the transportation was unlawfully and feloniously made for the immoral purpose designated, then the indictment should be held sufficient. However, it appears that the attack on the indictment in that case was on the allegation of intent and not of scienter.

██ Turning to the statute under which the indictment is drawn, it may be noted that, if we omit the word "knowingly," it denounces a number of acts which might be performed by an innocent person ignorant of the purpose of the transportation. Every member of the crew assists in transporting, or causing to be transported, the passengers on board a train or vessel. One might assist without knowing the purpose of the transportation. To keep the language of the statute from being broader than its meaning, its authors limited it in terms as well as intent to "any person who shall knowingly transport or cause to be transported, or aid or assist in obtaining transportation for" (18 US

CA § 398), or in procuring any ticket or any form of transportation to be used by, any woman or girl for the purpose of prostitution or debauchery or for any other immoral purpose, or "with the intent or purpose on the part of such person to induce, entice, or compel her to give herself up to the practice of prostitution," debauchery, or any other immoral practice.

If the word "knowingly" were eliminated from the statute, the immoral purpose might in some cases exist in the minds of actors other than the defendant. In such cases the absence in the indictment of a direct allegation of scienter is fatal; but where, in addition to alleging a willful and felonious transportation by the defendant, the indictment charges a purpose or intent on the part of the defendant himself to transport, or assist in transporting, a woman or girl in order that she should practice prostitution or give herself up to debauchery, it is impossible for the defendant to have acted other than "knowingly," and therefore the omission of that word, eo nomine, is not a defect of substance invalidating the indictment. The case before us falls within the latter classification, being one where knowledge is sufficiently alleged in the statement of the act itself.

■ After alleging the felonious transportation in interstate commerce by the defendants, for the purpose of prostitution and debauchery, "acting together and each with the other jointly and severally," the indictment proceeds, with broadening scope and design, in this manner: "That is to say, for the purpose then and there upon the part of them, * * * the said (defendants), * * * that said (girls) should each practice prostitution with various persons and give themselves up to debauchery." No distinction can be drawn between the meaning of the words, "purpose" and "intent," as used in the statute. Carey v. U. S. (C. C. A. 8) 265 F. 515. In giving the purpose of defendants, the indictment also designates their state of mind with reference to a contemplated course of conduct after the completion of the transportation. In alleging the purpose which accompanied the act, knowledge of its character is brought home to the defendants, who both conceived and executed the crime. They are presumed to be sane, and, willfully having done a thing with a definite purpose or intent—admitting the willfulness and the intent—they necessarily did it with knowledge of the purpose of the act. The worst that can be said of the omission of the word "knowingly," used in the statute, is that the

indictment is faulty in form. In such cases the allegation is sufficient, because the elements of the offense as defined in the statute appear in the indictment. Holden v. U. S. (C. C. A. 9) 23 F.(2d) 678; Kotrba v. U. S. (C. C. A. 7) 62 F.(2d) 234; U. S. v. Howard (D. C. Tenn.) 132 F. 325; Tapack v. U. S. (C. C. A. 3) 220 F. 445, certiorari denied 238 U. S. 627, 35 S. Ct. 664, 59 L. Ed. 1495; Ammerman v. U. S., supra (C. C. A. 8) 262 F. 124; Smith v. U. S. (C. C. A. 8) 157 F. 721, at page 726, certiorari denied 208 U. S. 618, 28 S. Ct. 569, 52 L. Ed. 647.

■ The second ground of demurrer raises a question of jurisdiction or venue, probably both. All that has been previously stated with reference to the construction of the indictment as a whole applies with equal force to this contention, which is that the words "Western District of Texas, at the El Paso Division thereof, and within the jurisdiction of this court," are descriptive of the city of El Paso. Construing the indictment most strongly against the pleader (Meyer v. U. S. (C. C. A.) 258 F. 212), if it does not appear that the transportation was into or through the Western District of Texas, the demurrer should be sustained.

■ The court judicially knows that within a very short distance of El Paso is a point common to Mexico, the state of New Mexico, and El Paso county, Tex. The defendants contend that "a point located at or near the City of El Paso" might be either in the state of New Mexico or across the Mexican border, and that an automobile traveling from the city of Las Cruces, in the state of New Mexico, to a point at or near El Paso, need not come into the state of Texas at all. This contention is sound as far as it goes. Applying the rule of strict construction, the words "at or" must be disregarded, so that we have the expression "a point near El Paso." Also, giving words their common and accepted meaning, it is fair to construe "El Paso County, Western District of Texas," as descriptive of the city of El Paso. By them the city is located in a particular county, district, and state, and identified to the exclusion of every other city. But the addition of the words "at the El Paso Division thereof and within the jurisdiction of this court" can serve only one purpose, namely, to allege venue and jurisdiction. To hold that they, too, are descriptive of the city of El Paso would render them surplusage and of no effect. An allegation necessary to the validity of an indictment should not be treated as surplusage. This leaves sufficient pertinent alle-

204

gations of an interstate transportation from the city of Las Cruces, N. M., to a point near the city of El Paso, at the El Paso Division thereof, and within the jurisdiction of this court. There is a misuse of the preposition "at" when "in" or "within" was intended, but such slight inaccuracy in the use of a word does not vitiate an indictment, if from the context the meaning is clear and certain.

The demurrer should be overruled.