UNITED STATES v. DIMMICK.

(District Court, N. D. California. November 23, 1901.)

No. 3,926.

1. EMBEZZLEMENT—SUFFICIENCY OF INDICTMENT—DESCRIPTION OF OFFENSE.
   An indictment for embezzlement, based on Rev. St. § 5492, which charges that the defendant, having moneys of the United States in his possession on a certain date, knowingly, willfully, and feloniously failed to deposit the same on a subsequent date named, as required by the secretary of the treasury, will not be held insufficient on a motion in arrest of judgment because it fails to charge that defendant did not deposit the money prior to the date named, since that would be a matter of defense, which the indictment is not required to anticipate and negative; and, in any event, if the omission is a defect, it is one which did not tend to the prejudice of the defendant, and which, under Rev. St. § 1025, does not render the indictment insufficient.

2. CRIMINAL LAW—MOTION IN ARREST OF JUDGMENT—DEFECTS IN INDICTMENT.
   On a motion in arrest of judgment the indictment should receive a liberal construction, and an informal or imperfect allegation of an essential fact will be deemed a sufficient averment of such fact.

Criminal Prosecution. On motion in arrest of judgment.

Denson & Schlesinger, for the United States.
George D. Collins, for defendant.

DE HAVEN, District Judge. The defendant was convicted of a violation of section 5492 of the Revised Statutes, and has moved for an arrest of judgment. The nineteenth count of the indictment alleges, in substance, that on the 11th day of December, A. D. 1900, the defendant had in his possession, as chief clerk of the United States mint at San Francisco, the sum of $366.89, money belonging to the United States, and was then required by the secretary of the treasury of the United States and director of the mint of the United States to deposit said money with the assistant treasurer of the United States at San Francisco on the 31st day of December, A. D. 1900. It is further alleged "that the said Walter N. Dimmick, as clerk aforesaid, having said money in his hands and possession as aforesaid, knowingly, willfully, and feloniously failed to make deposit of the said money with the assistant treasurer of the United States at San Francisco, state and Northern district of California, on said 31st day of December, in the year of our Lord 1900." It is insisted in support of defendant's motion for an arrest of judgment that the indictment is defective, in this: that the facts alleged therein may all

be true, and yet the defendant not guilty of any crime, because, consistently with the facts alleged, defendant may have deposited the money with the assistant treasurer of the United States before receiving the notice to deposit it, or, after receiving notice to make the deposit at the date named in the indictment, he may in fact have deposited the money before the time fixed by the notice. Section 5492 of the Revised Statutes, under which the defendant was indicted, makes it an offense for any person "having moneys of the United States in his hands or possession" to fail "to make deposit of the same with the treasurer, or some assistant treasurer, or some public depository of the United States, when required so to do by the secretary of the treasury, or the head of any other proper department, or by the accounting officer of the treasury." The indictment in this case follows the language of the statute, and is, in my opinion, sufficient to support a judgment against the defendant. The only grounds upon which it could be held that the supposed facts above stated would constitute a defense to the charge contained in the indictment are that the first would show that the defendant had already made the deposit covered by the demand, and for that reason there was nothing upon which the demand could rest, and that the second, if established, would be sufficient to show that defendant substantially complied with the notice to deposit. Assuming this to be so, the supposed facts are to be regarded as simply matters of defense,— that is, matters sufficient in law to constitute a defense to the charge made against the defendant,—and it was not necessary that such defense should have been anticipated and negatived in the indictment. The rule is, says Mr. Bishop, quoting from Chit. Cr. Law, that "'all matters of defense must come from the defendant, and need not be anticipated or stated by the prosecutor.' Only a prima facie case against the defendant is required." 1 Bish. Cr. Proc. § 513. Again: "Matter of defense need not be anticipated and negatived in the indictment, which, if it makes a prima facie case, is sufficient. The observation occurs in many cases that, in the language of a learned judge, 'if' all the facts alleged in an indictment may be true, and yet constitute no offense, the indictment is insufficient.' If the meaning is, that the indictment is insufficient when all the facts charged in it, assuming them to be true, do not complete the sum of a crime, the observation is correct. But in the common form of the expression it is liable to be misunderstood, and it should not be repeated." Bish. Cr. Proc. (3d Ed.) § 326. The general rule stated in the foregoing quotations is also approved by the supreme court in the case of Evans v. U. S., 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830. If, however, it should be conceded that the indictment would have been better if it had expressly charged that the defendant did not, at the date he was required so to do, nor at any time prior thereto, make deposit of the money referred to, still it does not follow that judgment should be arrested because of the omission of this express charge, as there is an implied negative of the fact that the deposit was made before the date at or within which it was required to be made, in the allegation that defendant knowingly, willfully, and feloniously failed to make the deposit as required. Upon a motion

in arrest of judgment the indictment should receive a liberal construction, "and an informal or imperfect allegation of an essential fact will be deemed a sufficient averment of such fact." U. S. v. San Francisco Bridge Co. (D. C.) 88 Fed. 891; U. S. v. Noelke (C. C.) 1 Fed. 426. It is also provided in section 1025 of the Revised Statutes, that:

"No indictment found and presented by a grand jury in any district or circuit or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

The alleged defect in the nineteenth count did not in any manner tend to the prejudice of the defendant upon the trial, nor was it claimed by him that he deposited the money referred to before the date when he was required to do so; and, if such had been the fact, he was entitled to prove the same under his plea of not guilty. What has been said in relation to the nineteenth count is equally applicable to the objections urged against the twentieth count of the indictment.

The motion is denied.