## TALMADGE et al. v. UNITED STATES.[*]

(Circuit Court of Appeals, Seventh Circuit.
December 20, 1924. Rehearing Denied
February 13, 1925.)

No. 3477.

**1. Criminal law ⊚⊃593—Denial of continuance for absence of counsel held not reversible error.**

Denial of a continuance, applied for on the ground of absence of an attorney who did not appear as an attorney of record for defendants, who were represented by other counsel, *held* not ground for reversal.

**2. Indictment and information ⊚⊃121(1) — Granting bill of particulars discretionary.**

Granting or refusing an application for bill of particulars is discretionary with the court.

**3. Criminal law ⊚⊃1159(2)—Verdict not reviewable if sustained by any evidence.**

Under an assignment of error that the evidence is insufficient to support the verdict, the only question is whether there was any competent evidence which warranted the verdict.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Criminal prosecution by the United States against Ellis C. Talmadge and George De Witt Talmadge. Judgment of conviction, and defendants bring error. Affirmed.

Edward M. Seymour, of Chicago, Ill., for plaintiffs in error.

Harry F. Hamlin, of Chicago, Ill., for defendant in error.

Before ALSCHULER and PAGE, Circuit Judges, and CARPENTER, District Judge.

PAGE, Circuit Judge. Plaintiffs in error, Ellis C. Talmadge and George De Witt Talmadge, with numerous other persons, of whom one died, two pleaded guilty, and another obtained a separate trial, were charged, in an indictment containing seven counts, with a scheme to defraud under section 215 of the Revised Statutes (Comp. St. § 314). There was a conviction on counts 1, 2, 3, 5, and 6.

Of the 15 assignments of error, the first, refusal to grant a new trial, is not assignable as error.

It is urged that the demurrers to the indictment should have been sustained. The complaint seems to be that the counts of the indictment do not state sufficient detail to show the crime charged or to acquaint the accused with what they must meet on the trial. A reading of the first count discloses

that the matters charged against the defendants are set out in great detail therein. In each of the succeeding counts, the details of the first count are adopted, and further special matters and allegations are set out. It is not pointed out just how either defendant was deceived or misled by any failure of allegation in any count, and we are of opinion that each count of the indictment upon which there was a conviction is sufficient to fully advise the defendants of the crime charged.

The fourth and fifth assignments cover the rejection of proper evidence and the admission of improper evidence. Rule 11 of this court provides: "When the error alleged is to the admission or to the rejection of evidence, the specification of the error shall quote the full substance of the evidence admitted or rejected." This rule was wholly uncomplied with. The rule further provides that in case of failure to comply, counsel will not be heard and the assignment will be disregarded. A search of the record fails to disclose any action on evidence either admitted or rejected that would injuriously affect the rights of plaintiffs in error.

[1] Assignments 6 and 7 set out the refusal to grant a continuance because attorney for plaintiffs in error was engaged in the trial of another case. The court was clearly right in denying the motion. The indictment was returned into court in March, 1922. On May 13, 1922, Robert E. Tierney entered his appearance as attorney for plaintiffs in error. On November 21, 1922, Everett Jennings and Edward M. Seymour entered their appearance as attorneys for plaintiffs in error. Mr. Seymour's name is upon their brief, and he has argued the case orally, and it does not appear that either Jennings or Tierney had withdrawn their appearance. The basis of the application for continuance was that James R. Howe, defendants' principal attorney, was engaged in the trial of a case in New York, which could not be concluded so that he could be present on October 16, 1923, the trial date. When James R. Howe became attorney for the defendants does not appear; we are unable to find that he at any time was attorney of record. There was shown some loose arrangement between James R. Howe and an assistant district attorney that the case was not to be called on October 16th. While care should be taken by the court to protect litigants against injurious consequences from agreements made without the consent of the court, affecting procedure in a case, litigants and attorneys should know that they may not take refuge behind such agreements.

[2] Assignments 8 and 9 allege error in refusal to direct the district attorney to furnish a bill of particulars and a list of names and addresses of witnesses intended to be used against defendants. As noted above, the indictments were very explicit and many letters are set out in the different counts. The extent to which such motions are allowable is within the discretion of the court. United States v. Pierce (D. C.) 245 F. 888; Ball v. United States, 147 F. 32, 36, 78 C. C. A. 126. Neither motion is in the record and it is not pointed out in argument or otherwise that any actual injury ensued to either of the defendants.

Assignment 10, that the court permitted the jury to take a portion of the transcript of the testimony of one of the witnesses to the jury room, does not appear to have been through any act or neglect of the court, nor to have occasioned any injury to defendant.

Counsel has not pointed out, and we are not able to find, any improper remarks, as charged in assignment 11.

Whether the court erred as charged in assignment 12 would seem to be immaterial on this record. Defendants' counsel noted but two exceptions to the court's charge, viz.:

"Mr. Seymour: So far as the instruction regarding exhibits, those are facts for the jury and not for the court, the instructions practically instructing the jury to find the defendants guilty, which I think is improper.

"The Court: There is no such charge.

"Mr. Seymour: No, not directly, but it was as much as—

"The Court: There is a charge that if they find the facts to be as charged in the indictment, then they must find the defendants guilty. That is all.

"Mr. Seymour: At any rate, I take exceptions."

Then the court said to the jury: "Of course, as to the evidence, gentlemen, the court has called attention to certain exhibits. You should consider all exhibits. If you think the court's comments are not warranted by the rest of the facts, it is for you so to say, because the facts are for you. I have called attention to them in order to summarize the facts and get to you the substance of the alleged offenses and the substance of the alleged defense."

No exception was taken to that instruction. After counsel said that he had forgotten other suggestions, the court called his attention to requests for instructions handed to him by counsel, saying that he thought the substance of them had been covered, and then:

"If you have any other request to make, I will hear you at this time.

"Mr. Seymour: On the reasonable doubt, I think, your honor.

"The Court: I think I have instructed the jury fully as to what constitutes reasonable doubt.

"Mr. Seymour: I guess that is all."

Rule 11 of this court also provides: "When the error alleged is to the charge of the court, each specification of error shall set out the part referred to totidem verbis, whether it be instructions given or in instructions refused, and shall state distinctly the grounds of objection to an instruction given."

No attempt was made to comply with that rule. From an examination, we find that the jury was fairly and fully instructed.

[3] Assignment 3 is that the motion in arrest of judgment was improperly overruled; 13, that the verdict is against the evidence; 14, that it is against the law; and, 15, that the evidence is insufficient to support the verdict. Under these assignments, the only remaining question is whether there was any evidence to sustain the verdict. It was strongly urged upon us in oral argument that there is no evidence whatever to connect the defendant George De Witt Talmadge with the matters charged in the indictment. We have examined the record at great length to find out whether there is evidence to support conviction of either of the defendants. As to Ellis C. Talmadge, while it is claimed that he was not an officer but a mere clerk of the National Organization Company, there is evidence to show that there are possible reasons why he did not want to be too prominent before the public and much evidence to show that he was really the directing head of the whole matter. As to George De Witt Talmadge, it appears that while he had a separate office and did business as George De Witt Talmadge & Co., he very persistently, by letters and otherwise, advertised the business of the National Organization Company and was instrumental in getting for it large fees in which he participated. From the record, it appears that he must have had reason to believe that the organizations were worse than useless, because of the failure to perform other services which the National Organization Company and George De Witt Talmadge induced the customers of the National Organization to believe could and would be performed for them, that is, that they could and would sell their stocks and bonds, which the record shows defendants knew they had neither the intention nor ability to do in many cases.

The judgment is affirmed.