**BUTLER HOTEL CO., Inc., et al. v. UNITED STATES.**

Circuit Court of Appeals, Ninth Circuit.
October 14, 1929.

Rehearing Denied November 12, 1929.

No. 5799.

Vanderveer & Levinson, of Seattle, Wash., for appellants.

Anthony Savage, U. S. Atty., and Tom DeWolfe, Asst. U. S. Atty., both of Seattle, Wash.

Before DIETRICH and WILBUR, Circuit Judges, and LOUDERBACK, District Judge.

DIETRICH, Circuit Judge. This is an abatement proceeding instituted under the provisions of sections 21 and 22 of title 2 of the National Prohibition Act (27 USCA §§ 33, 34). It relates to the Butler Hotel, one of the prominent hotels of Seattle, Wash., and owned by the appellant Butler Hotel Company. The lower court found that intoxicating liquor was commonly possessed, served, and consumed in one of the dining rooms known as the "Rose Room," in such manner and to such an extent as to constitute a nuisance, but apparently considering that abatement proceedings are primarily preventative rather than punitive, restricted the operation of its decree to this part of the hotel and permitted it to be open and to be operated from 9 o'clock in the morning to 9 o'clock in the evening, under a bond conditioned that there should be no further violations of the law. The court found that there was no evidence that the management of the hotel sold or kept for sale any intoxicants, and that, while in isolated cases it was shown that liquor had been kept and sold by subordinate employees, such conduct was contrary to instructions.

In substance, the evidence is that the principal patronage of the Rose Room was from 9 o'clock in the evening to a late hour of the night. The room was equipped as a dining room with reservation of a central space for dancing. An orchestra was provided by the management and cover charges were made at the rate of $1.25 on Saturday night, $1.00 Thursday night, and $.75 upon other nights. Foods, soft drinks, and mineral waters were supplied to guests at stated charges. With these facilities furnished by the management, guests came, some with intoxicating liquor, and some without. These intoxicants were habitually brought to the tables and served and consumed there from glasses furnished by the management, and with mineral waters, ice, and other facilities, also so furnished, all undoubtedly with the knowledge of the management and without any serious effort upon its part to prevent. In brief there prevailed through an extended period of time conditions and practices very similar to those described in most of the cases hereinafter cited, and we shall therefore dispense with further details.

In substance, the contentions of appellant are that the word "kept," as used in section 21 (27 USCA § 33), "implies duration or permanence of possession"; that "intoxicating liquor kept on the persons or in the possession of hotel guests cannot be said to be kept in the hotel"; and that "kept" means kept by the *hotel management*, for sale or other commercial purposes. In none of these views are we able to concur. It is possible, of course, to give to the word "kept" this narrow construction, but, when we consider the section in the light of the general purpose of the act, we are convinced that it was intended to outlaw a building used as a means for the commission of other substantive offenses defined by the act; that "kept" is measurably synonymous with "possessed"; and that the requisite continuity or duration to constitute a nuisance exists where, as here, for a long period of time intoxicating liquors are

habitually brought upon the premises in violation of law and are there unlawfully possessed by patrons and consumed by them, or unlawfully served to their guests and friends. To accept appellants' view of "duration and permanence" would be to hold that, if the management of the hotel were from an outside but nearby source repeatedly bringing into the hotel liquor, one bottle at a time, and selling it from hour to hour, it could not be said that liquor was being "kept for sale" on the premises.

But amplification of the discussion would serve no useful purpose. Upon records closely analogous all the contentions here made have, generally without success, been urged upon other courts. For examples, see Notary v. U. S., 16 F.(2d) 434, 49 A. L. R. 1446 (C. C. A. 8th), and Fritzel v. U. S., 17 F.(2d) 965 (C. C. A. 7th). In both the reasoning and the conclusions of these courts we concur, and hence we need not again traverse the ground. Appellant cites Rossi v. U. S., 16 F.(2d) 713, also from the Eighth Circuit, but we find no real inconsistency between it and the Notary Case. And it may be of some significance that, though the question was not without novelty and of general interest and involved a controversy touching the scope and application of certain language used in the Lincoln Safe Deposit Case, 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548, certiorari was denied in the Fritzel Case, 275 U. S. 532, 48 S. Ct. 29, 72 L. Ed. 411. See, also, U. S. v. Club Chez Pierre (D. C.) 31 F.(2d) 220; U. S. v. Kelly (D. C.) 24 F.(2d) 133; U. S. v. General Amusement Co. (D. C.) 19 F.(2d) 630; U. S. v. Budar (D. C.) 9 F.(2d) 126.

Affirmed.