### RIMKUS v. UNITED STATES.
### No. 4661.

Circuit Court of Appeals, Seventh Circuit.
Feb. 26, 1932.

For five years preceding the arrest appellant had owned the building in which the prohibition agents had searched for and seized an illicit distillery and equipment used for re-cooking alcohol. The agents smelled the odor of alcohol emanating from this building as they approached its vicinity. A tenant of appellant had rented and occupied the basement and first floor of this building nine months previously, at $65 a month, but appellant did not know said tenant's name or his business, other than the fact that the tenant told the appellant he was going to manufacture perfume. The second floor was occupied as a residence by appellant and his wife and a roomer, but he denied knowledge of the presence of the still and of its ownership. He was found on the premises on the day of the raid, when the still was in operation; and he testified that he had been there during the two days next preceding that day, but for four months previous to the two days last referred to he had been at his brother's home in St. Charles, Ill., with the exception of two separate occasions on which he had returned to visit his wife, who had remained at their apartment on the second floor of the building referred to. Appellant testified that he had paid the electric light and gas bills for this property each and every month.

The agents found in the basement a 1500-gallon iron still, a 15 horse power steam boiler heated by gas, a Mercord electric steam switch, four 500-gallon steel receiving tanks of alcohol, eight 5-gallon cans of alcohol, and a column consisting of three sections, each three feet high and three inches in diameter, which ran from the still through the ceiling of the basement to the ceiling of the first floor, where it was attached to a condenser six feet high and thirty inches in diameter; and in another room on the first floor there

Appellant, with one Joseph Walski, was indicted on four counts. The first three counts charged, respectively, possession of intoxicating liquor, the manufacturing of intoxicating liquor, and possession of property intended for use in manufacturing intoxicating liquor, in violation of sections 25 and 29, title 2 of the National Prohibition Act of October 28, 1919, 41 Stat. 315 and 316, 27 USCA §§ 39 and 46, and Act of March 2, 1929, 45 Stat. 1446, 27 USCA § 91. The fourth count charged the maintenance of a common nuisance in keeping and manufacturing liquor, in violation of section 21 of the same act, 41 Stat. 314, 27 USCA § 33. The fourth count of the indictment and the statute upon which it is based are set forth in the margin.[1]

[1] "Fourth Count. And the grand jurors aforesaid, upon their oath aforesaid, do further present, that the said defendants mentioned in the first count of this indictment, late of Cicero, Illinois, in the division and district aforesaid, as a first offense of that kind on the part of said defendants, from, to wit, June 29, 1930, to, to wit, July 29, 1930, at, to wit, Cicero, Illinois, aforesaid, in the division and district aforesaid, did unlawfully and knowingly conduct and carry on a business, to wit, a distillery on and about the premises commonly known as, to wit, the basement and the first floor of a two-story brick building, located at 1815 South 52nd Avenue, Cicero, Illinois, and building in rear of same in connection with which said business, intoxicating liquor fit for use for beverage purposes, to wit, alcohol containing more than one-half of one per centum of alcohol by volume, was unlawfully kept and manufactured for beverage purposes, in violation of Title 2 of the National Prohibition Act and the said defendants hereinbefore named in the first count of this indictment, then and there maintained the said business and premises as a common nuisance, in violation of Section 21, Title 2, of the National Prohibition Act * * *."

41 Stat. 314. "Any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this chapter, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance, and any person who maintains such a common nuisance shall be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or be imprisoned for not more than one year, or both." (27 USCA § 33.)

was another condenser six feet high and four feet in diameter, but it was disconnected. There were also in the basement three electric pumps; one pumped water into the still, one pumped moon alcohol from the garage in the back yard to the still, and one returned the finished product to the garage, where were found a 500-gallon receiving tank and 547 empty 5-gallon cans.

The charges were dismissed as to Walski, and appellant was found guilty by the jury on the nuisance count and not guilty as to the other counts. Appellant filed a motion in arrest of judgment, which was overruled, and judgment of imprisonment for ten months was entered upon the verdict.

Aaron L. Stein and Harry I. Weisbrod, both of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., and Eugene A. Tappy and Charles W. Schaub, Asst. U. S. Attys., all of Chicago, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

The errors relied upon are: (1) The evidence is insufficient to support the verdict; (2) the fourth count does not allege an offense or crime against the United States and is insufficient to sustain the verdict and judgment; and (3) the verdict on the fourth count is so inconsistent with the acquittal on the other counts as to require a discharge of appellant.

█ The first error relied upon need not be considered at length. A perusal of the record leaves us in no doubt of there being some evidence in the record to support each material allegation of the fourth count, and sufficient to support the verdict. We cannot disturb the jury's finding in this respect. Reid v. United States (C. C. A.) 44 F.(2d) 51; Talmadge v. United States (C. C. A.) 4 F.(2d) 378; Genna v. United States (C. C. A.) 293 F. 387; Applebaum v. United States (C. C. A.) 274 F. 43.

█ Appellant filed no demurrer to test the sufficiency of the fourth count, but attempted to raise the same question by his motion in arrest of judgment. It is sufficient upon a motion in arrest of judgment if the indictment substantially states the element of the crime charged. Harris v. United States (C. C. A.) 48 F.(2d) 771. As against such motion an informal or imperfect allegation of an essential fact will be deemed a sufficient averment of such fact. United States

v. Dimmick (D. C.) 112 F. 352; Rev. St. § 1025 (18 USCA § 556); section 269 of the Judicial Code (28 USCA § 391).

█ The third error relied upon is without merit. Carrignan v. United States (C. C. A.) 290 F. 189; Dunn v. United States, 284 U. S. 390, 52 S. Ct. 189, 76 L. Ed. —— (decided by the Supreme Court January 11, 1932); Borum et al. v. United States, 52 S. Ct. 205, 76 L. Ed. —— (decided by the Supreme Court January 25, 1932).

Judgment affirmed.