Robert McCormick Adams and Burke Williamson, both of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., and Walter E. Wiles, Asst. U. S. Atty., both of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

An information of two counts charged appellant with violation of the National Prohibition Act through (1) possession of liquor and (2) maintaining a common nuisance. Jury was waived and the court found him guilty on both counts, fixing his punishment at $200 fine and sixty days' imprisonment.

It is contended for appellant that no offense whatever is stated by the second count. It charges that from August 21, 1931, to

September 21, 1931, appellant maintained a common nuisance on the premises described, "in that said defendant did then and there upon said premises hereinabove described, unlawfully, willfully, and knowingly *possess* intoxicating liquors," etc., whereas section 33, tit. 27, U. S. C. (27 USCA § 33), defines a nuisance to be any room, etc., wherein "intoxicating liquor is * * * sold, *kept*, or bartered in violation of this chapter," the point being that the count charges liquor was *possessed*, while the statute specifies the word "kept."

▮ It is contended that the word "kept" in the statute implies an element of continuity which does not inhere in the word "possess." But, if this were conceded, that element is supplied in the count by the charge that the nuisance continued from August 21 to September 21.

There is surely much in common between the words "possess" and "kept." In Fritzel v. United States, 17 F.(2d) 965, this court held that they were substantially synonymous. In Butler Hotel Co. v. United States, 35 F. (2d) 76 (C. C. A. 9), the court said that while it is possible to give the word "kept" a narrow construction, yet when considered in the light of the act the word "'kept' is measurably synonymous with 'possessed.'" Briggs v. United States, 45 F.(2d) 479, 480 (C. C. A. 6), held similarly where the proof to support the nuisance was only possession and storage of liquor, the court saying, "We cannot think it was intended to hold that mere possession and storage of illicit liquor were not forbidden." While in that case the court was not considering the sufficiency of the charge, but of the proof to sustain it, nevertheless, if proof merely of sufficient possession was deemed sufficient to establish the nuisance, it follows that the charge of maintaining a nuisance through possession is sufficient especially where the charge specifically includes the element of continuity.

▮▮ While it would have been better pleading to have charged in the precise words of the statute, we do not think this was necessary any more than it was deemed necessary in the Fritzel Case, in Jelke v. United States, 255 F. 264, in Capone v. United States, 56 F. (2d) 927, and in Rimkus v. United States, 56 F.(2d) 52, in all of which this court decided that strict adherence to the statutory words was not essential if the statutory offense is otherwise substantially charged. Besides, this contention being more formal than substantive, it comes too late when, as here, it is made for the first time after the case has been tried.

▮ It is urged that the evidence does not sustain the finding of guilt. There was positive evidence given that six containers of five gallons each of nonpermit alcohol were found locked in a storeroom on the floor above appellant's drug store, and wherein appellant possessed or kept merchandise which was from time to time to be brought down to the store for sale. It was testified that, when the government agents called to check up the liquor accounts and supply, appellant directed his clerk to bring down the permit alcohol, but that the agent insisted on accompanying him; that when the clerk unlocked the door there were found these six containers; and that it was explained by appellant that these containers contained oil and denatured alcohol, which was not the fact.

Appellant denied all knowledge of this alcohol, and there was thus raised a material question of fact, as to which we cannot say that there was not sufficient evidence upon which to base the court's conclusion.

▮ It is also contended that there was error in the admission of evidence of some discrepancy in the quantity on hand of appellant's permit liquor. We do not think this evidence was of sufficient significance to have had any material influence upon the result; and, in any event, we find in its admission no reversible error.

The judgment of the District Court is affirmed.