FEDERAL EMPLOYERS' DISTRIBUT-
ING COMPANY, A Nonprofit Califor-
nia Corporation, doing business as
FEDCO, Inc., Plaintiff–Appellant,

v.

DEPARTMENT OF ENERGY, United
States of America, and James D. Wat-
kins, as Secretary of the Department of
Energy, United States of America, De-
fendants–Appellees.

No. 9–108.

Temporary Emergency Court of Appeals.

April 8, 1993.

Robert E. Burke and Doug Armstrong, Santa Fe Springs, CA, were on the brief for appellant FEDCO.

Don E. Crockett and Richard F. Ahern, Judicial Litigation Div., Economic Regulatory Admin., U.S. Dept. of Energy, were on the brief for appellees U.S. Dept. of Energy, et al.

Before GARZA, Chief Judge, and PECK, WEIGEL, Judges.

WEIGEL, Judge.

Federal Employees' Distributing Company ("FEDCO") appeals an adverse summary judgment, which affirmed the denial of FEDCO's application for a refund of crude oil overcharges. This Court finds that the Department of Energy's Office of Hearings and Appeals ("OHA") and the district court properly denied FEDCO's refund. We, therefore, AFFIRM.

## I. BACKGROUND

The facts of this case are not disputed. FEDCO is a California non-profit "mutual benefit corporation" to which members-owners pay $2.00 each for an ownership interest and opportunity to shop at FEDCO's stores. FEDCO owns and operates a chain of department stores which sell general retail merchandise to its members at discount prices. Until 1977, FEDCO also operated a chain of independent gasoline stations adjacent to its retail stores. Between August, 1973 and January, 1981, during the period of oil price controls, FEDCO was overcharged $29,868.00 on 37,-635,787 gallons of gasoline, which it purchased primarily for resale to its members. On January 5, 1988, FEDCO filed a refund application to recover these overcharges.

The OHA denied FEDCO's refund application.[1] It held that FEDCO is a reseller, not a direct consumer of petroleum products. It noted that all resellers were presumed to be injured equally by the overcharges and were presumed to be able to pass through the injury to their customers in the form of higher prices. The OHA noted that because FEDCO did not submit a detailed statement indicating why it was

---

1. *See Jack Griggs, Inc.,* 17 D.O.E. ¶ 85,731 (1988).

unable to pass through the overcharges to its customers, the OHA would not presume injury.

In a motion for reconsideration, FEDCO argued that it was entitled to the refund requested because its relationship to its customers was materially different from that of other "member stores" and resellers who were denied refunds. FEDCO argued that other "member stores" such as "Price Club" where the members are not the store's owners, were able to "pass through" overcharges to their member-customers and thus, the owners of those stores suffered no direct injury from the higher prices paid for crude oil. FEDCO, by contrast, was a "mutual benefit corporation" whose customers and owners were the same people. Thus, FEDCO argued, attempts by FEDCO to "pass through" overcharges to its customers would not insulate the owners from injury because the owner-customers were both the victims and the beneficiaries of the increased retail prices.

FEDCO further argued that as a "mutual benefit corporation" FEDCO was similar to a cooperative and should be treated analogously for refund purposes. It noted that where a cooperative is overcharged for crude oil, cooperative members are treated as both the purchasers and the end-users of the crude oil purchased and are given the "end-user presumption of injury".[2] FEDCO argued that its members, like cooperative members, were both the original purchasers and the end-users of over-priced crude oil that FEDCO purchased for resale. As a result, argued FEDCO, injury to FEDCO members from crude oil overcharges should be presumed and need not be proven in order for FEDCO to be eligible for a refund.

Upon reconsideration, the OHA expressly rejected FEDCO's "pass through" argument. It concluded that FEDCO was no different from other "membership stores" for "pass through" purposes. It further rejected FEDCO's analogy to cooperatives. The OHA noted that unlike cooperatives which sell only to members, FEDCO sold both to its members and to the general public. The OHA also noted that cooperatives have only been permitted to recover overcharges in cases where the cooperative certifies that it will distribute the refund directly to its members through a patronage rebate or dividend. Because FEDCO is prohibited by statute from making a direct distribution of recovered funds to its members, the OHA ruled that a refund would be improper.[3]

FEDCO appealed the OHA's ruling to Judge Edward Rafeedie of the District Court of the Central District of California. Upon hearing cross-motions for summary judgment, Judge Rafeedie affirmed, concluding that there was a rational basis for the OHA decision. The court held (i) the OHA did not act arbitrarily and capriciously and did not abuse its discretion in denying a refund to FEDCO; (ii) FEDCO was not the end-user of gasoline bought from the Department of Energy and sold to its member-customers; (iii) refunding the overcharges to FEDCO will not result in any direct benefits to FEDCO's member-customers; (iv) FEDCO's situation is not analogous to that of a cooperative because FEDCO sells to persons other than members and is prohibited by law from passing the refund on to its members directly; and (v) plaintiff's claims for violation of due process and equal protection lack merit.[4]

II. DISCUSSION

On appeal this Court must decide whether the District Court properly affirmed the OHA's denial of FEDCO's refund claim.

A. Standard of Review

 The scope of this court's review is limited. *City of Long Beach v. Dept. of*

---

2. Where purchasers of crude oil are also the end-users of the oil they purchase, injury will be presumed and need not be proven in order for a refund to issue. 10 C.F.R. Part 205, subpart V. This presumption is referred to as "the end-user presumption of injury."

3. *See DOE* OHA Decision and Order, FEDCO Case # RR272–12 (Sept. 26, 1988) (motion for reconsideration).

4. *See* Order re: Summary Judgment, Case No. CV 91–6548–ER, 1992 WL 179145 (June 5, 1992).

*Energy,* 754 · F.2d 379, 385 (Temp.Emer.Ct.App.1985). Because federal agencies possess expertise in the specialized areas of their regulatory control, judicial deference must be accorded to an agency's interpretation of the regulations that it is charged with administering. *See Lyng v. Payne,* 476 U.S. 926, 939, 106 S.Ct. 2333, 2341–42, 90 L.Ed.2d 921 (1986); *Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–02, 13 L.Ed.2d 616 (1965); *In re Dep't of Energy Stripper Well Exemption Litigation,* 690 F.2d 1375, 1392 (Temp.Emer.Ct.App.1982) *cert. denied,* 459 U.S. 1127, 103 S.Ct. 763, 74 L.Ed.2d 978 (1983). In reviewing an agency's interpretation of its own regulations where administrative control has been congressionally authorized, this Court may not substitute its judgment for that of the agency. *Pasco, Inc. v. FEA,* 525 F.2d 1391, 1400 (Temp.Emer.Ct.App.1975) *quoting Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971). This Court must approve the agency decision if it is within the agency's discretion and there is a rational basis for it. *Thriftway v. U.S. Dep't of Energy,* 867 F.2d 1577, 1580 (Temp.Emer.Ct.App.1989); *City of Long Beach,* 754 F.2d at 385 (Temp.Emer.Ct.App.1989).

### B. Refunds for Crude Oil Overcharges

Federal statute requires the Department of Energy to use the pool of funds obtained from crude oil overcharges to make restitution to persons injured by those overcharges. Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 751 *et seq.;* Petroleum Overcharge Distribution and Restitution Act of 1986, 15 U.S.C. § 4501, *et seq.,* § 4502(b)(1)(A); Implementation for Special Refund Procedures, 52 Fed.Reg. 11737, 11742 (1987). To receive a refund from the crude oil refund pool for a crude oil overcharge, an applicant must (1) document its purchase volumes of crude oil; and (2) show that it was injured by alleged crude oil overcharges. *See id; Berry Holding Co.,* 16 D.O.E. ¶ 85,405 (1987); *A Tarricone Inc.,* 15 D.O.E. ¶ 85,-495 (1987). Because overcharges are presumed to raise the resale prices equally throughout the entire resale market, resellers who have passed on overcharges to customers are not considered to have been "injured" for refund purposes. Thus, to show the requisite injury, refund applicants who are resellers must prove that they did not pass the overcharges through to their customers. *See A Tarricone Inc.,* 15 D.O.E. at 88,896.

The Department of Energy has recognized, however, that persons who purchased over-priced crude oil, not for resale, but for personal consumption, had nobody to whom they could pass through overcharges. Accordingly, such end-users are presumed to have been injured by overcharges and need not submit any proof of injury to recover a refund. Implementation of Special Refund Procedures, 52 Fed. Reg. at 11742. *Tenneco Oil Co./Defense Logistics Agency,* 9 D.O.E. ¶ 82,538 at 85,-202.

Cooperative organizations who purchase oil for the exclusive use of their members are similarly given the "end-user presumption of injury." Refund applications from such organizations are deemed to be filed on behalf of cooperative members who both purchased and consumed the overpriced crude oil. To insure that cooperative members and not the organizations themselves benefit from any refunds provided, cooperatives will be granted refunds only if they certify that they will distribute the award (through dividend or payments or patronage rebates) to their overcharged members on a dollar-for-dollar basis. *See, e.g., Matagorda County Farmers Cooperative,* 18 D.O.E. ¶ 85,714 (1989); *Farmers Union Oil Co.,* 17 D.O.E. ¶ 85,464 (1988). If an otherwise qualifying cooperative has sold to the non-member public or is unable to certify that it will distribute the refund directly to the end-user members, the OHA treats the cooperative as an ordinary reseller and refuses to grant the refund absent proof of injury. *Mobil Oil Corp./Agway Inc.,* 15 D.O.E. ¶ 85,526 (1987); *Marathon Petroleum Co./Countrymark, Inc.,* 16 D.O.E. ¶ 85,102 (1987).

## C. FEDCO'S Argument

On appeal, FEDCO again argues that as a "mutual benefit corporation", it is owned by its customers so it was unable to pass-through the crude oil overcharges and insulate the corporation from injury. It contends that, like a cooperative, FEDCO should be given the "end user presumption of injury" and permitted to recover an overcharge refund without submission of additional proof. FEDCO asserts that the OHA had no rational basis for concluding that the "end user presumption of injury" does not apply to FEDCO. It further asserts that there is no rational basis for the OHA's conclusion that FEDCO members, the purchasers of the overpriced gasoline, would not benefit direct from a refund simply because state statute prohibits FEDCO from reimbursing its members in the form of a dividend or patronage rebate.

## D. Analysis

■ FEDCO's arguments are not well taken. FEDCO itself is a reseller, not an end-user of the crude oil that it purchased. FEDCO sold gasoline and passed on price over-charges to its members and to non-members in the same manner as any other gasoline service station. FEDCO's customers, not the corporation, itself, ultimately bore the burden of high crude oil prices.

Moreover, FEDCO's argument that it is entitled to the "end user presumption of injury" in the same manner as a cooperative organization is unpersuasive. In contrast to a cooperative, which buys for and sells to its own members exclusively, FEDCO passed on overcharges to members and non-members alike. Moreover, a coopera-tive's ability to recover a refund is contingent on its agreement to distribute refund proceeds directly to overcharged end-users through patronage rebates and dividends. By statute, FEDCO is prohibited from directly rewarding its members through patronage rebates or dividends. Thus a refund payment to FEDCO would provide, at best, an indirect benefit to FEDCO members and would unjustly enrich FEDCO while failing to reimburse those who were actually overcharged. Nor would such a refund, if placed in FEDCO's corporate coffers, directly enhance the wealth of FEDCO members. FEDCO members have no ability to transfer their shares and are not permitted to share company profits or to receive dividends on increased earnings. At best, members might benefit indirectly from potentially better service or lower prices. This indirect benefit is not sufficiently connected to end-users overcharged for crude oil purchases to constitute acceptable restitution. Accordingly, the OHA and the district court had a rational basis for denying FEDCO a refund.

Similarly FEDCO provided no persuasive evidence in the district court or on appeal in support of its constitutional claims. Such claims were also properly denied.

For the foregoing reasons, the judgment of the district court is, in all respects, AFFIRMED.