JERRY THORNE, APPELLANT, v. STATE OF NEVADA, RESPONDENT.

No. 4795

February 24, 1965                    399 P.2d 201

*James L. Wadsworth,* of North Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, Carson City; *William P. Beko,* Nye County District Attorney, Tonopah, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted Thorne of first degree burglary. Following conviction he moved for a new trial and also to arrest judgment. Each motion was denied. He appeals from the judgment and sentence subsequently pronounced. His post trial motions and this appeal offer the same claim of error. It is that the information failed to name accurately the building which he had unlawfully entered, nor did it name the owner of that building. His claim has no merit. Ownership of the building need not be alleged. Cf. State v. Simas, 25 Nev. 432, 62 P. 242. Thorne was charged with having unlawfully entered "Andre's Trading Post" at Beatty, Nevada, with the intent to commit larceny. One year before, the building was known by that name. However, at the time of the crime it was known as "Andre's General Store." Thorne did not choose to demur to the information. NRS 174.210; NRS 174.230. Instead, he entered his plea of not guilty, thereby waiving any defect of the kind here involved. Wood v. State, 76 Nev. 312, 353 P.2d 270. Obviously, the test of the sufficiency of an information

after trial and conviction (when there is no claim of a jurisdictional inadequacy or the failure to charge a public offense) properly differs from that which would apply on demurrer to the information. After trial, the pleading will be liberally construed, Rimkus v. United States, 7 Cir., 56 F.2d 52 (motion to arrest judgment), especially when there has been no prior demurrer thereto. Nor will a court close its eyes to the evidence. Here, three eye witnesses testified to the crime. It is undisputed that the burglary occurred at Andre's General Store, formerly Andre's Trading Post.

For all of the reasons mentioned there can be no substance to the claim of error in this case.

Affirmed.