George E. WISE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20259.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 12, 1967.

Decided July 27, 1967.

Petition for Rehearing En Banc Denied Oct. 4, 1967.

Mr. Bernard J. Long, Jr., Washington, D. C., with whom Mr. Charles J. J. McKerns, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Miss Carol Garfiel, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Mr. Robert Kenly Webster, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, Senior Circuit Judge, and TAMM and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

This case is an appeal from a housebreaking conviction and involves the question whether a statement elicited from appellant by the police for purposes of identifying his voice was obtained in violation of his right under Rule 5(a), F.R.Crim.P., to be taken promptly before a commissioner, or of his constitutional right to counsel.

The basic background facts are substantially as follows: Mr. and Mrs. Ross came home on the evening of January 19, 1966, to find that their residence had been broken into and that the intruder was still about, upstairs. As Mrs. Ross, with commendable presence, quietly phoned the police in a back room, the intruder came downstairs shielding his face with a shirt and telling Mr. Ross that he would not be hurt if he let him out. Mrs. Ross shouted for her husband to get him, the intruder burst out the door, and Ross gave chase.

The police soon arrived and Mrs. Ross routed them in the direction of the chase. Several blocks up the street the police came upon complainant Ross, talking to appellant. The complainant told the police that he had gotten a close look at the intruder when the latter stopped momentarily outside the house and under a street light, that he had pursued the in-

truder and caught up with him, and that he had never lost sight of him during the chase. The complainant positively identified appellant as the intruder.

The police then placed appellant under arrest and returned to the housebreaking scene, only a few blocks and minutes away. An officer testified that the purpose was for identification. There Mrs. Ross said she could not identify the intruder by sight, but could by the sound of his voice. The police asked appellant to speak the words that the intruder had spoken; he did so and Mrs. Ross identified him as the intruder. Appellant's defense at trial was mistaken identity.

Appellant contends the testimony by Mrs. Ross identifying him by his voice was inadmissible because this identification was secured by the police after his arrest, at a time when he should have been brought directly to the commissioner to adduce legal cause for his detention. *See* Rule 5(a), F.R.Crim.P.; Mallory v. United States, 354 U.S. 449, 452–453, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

■ Rule 5(a) does not prohibit all delay, it prohibits unnecessary delay in presenting the accused to a magistrate. The purpose of the rule was "to avoid all the evil implications of secret interrogation of persons accused of crime." Mallory v. United States, *supra,* 354 U.S. at 453, 77 S.Ct. at 1358. It has been en-

forced so as to exclude not only testimony as to the content of statements made by the accused [1] but also evidence obtained as a fruit of the information obtained from the accused.[2]

■■ However, the rule does not prohibit delay for a reasonable time after arrest in order to provide identification of the suspect.[3] And this principle already established in this circuit for sight identification, also applies to voice identifications. There is a decisive difference between testimony as to utterances by voice that relates to the meaning of what was said, and testimony based on physical qualities—such as timbre, pitch, intonation and speech pattern—which permit identification of the speaker. Voice identification is not the testimonial evidence embraced by the privilege against self-incrimination.[4] United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. (U.S. June 12, 1967).

■ We are not required to consider problems that might be presented in case of protracted delays for identification purposes.[5] Here was an arrest almost immediately after the offense, and the identification at the nearby scene of the crime, involved only a brief delay. Obtaining such nearby identification while the memory of the witness is fresh is plainly "effective and intelligent law enforcement." [6]

1. Spriggs v. United States, 118 U.S.App.D. C. 248, 335 F.2d 283 (1964).

2. Killough v. United States, 114 U.S.App. D.C. 305, 315 F.2d 241 (1962); and *see* Greenwell v. United States, 119 U.S.App. D.C. 43, 47, 336 F.2d 962, 966 (1964).

3. Kennedy v. United States, 122 U.S.App. D.C. 291, 292–293, 353 F.2d 462, 463–464 (1965).

4. There may be an ambiguity—subject to clarifications like that provided by this opinion—in general statements of the required advice that the suspect is "entitled to remain silent," and that anything he says may be "used as evidence against him." Clewis v. State of Texas, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 1338 (U. S. April 24, 1967); Davis v. State of North Carolina, 384 U.S. 737, 740, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966); Miranda v. State of Arizona, 384 U.S. 436,

460, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
In People v. Ellis, Cal., 55 Cal.Rptr. 385, 421 P.2d 393 (1966), the court held that the refusal of an arrested person to speak for voice identification could not be used at trial as evidence of consciousness of guilt unless the ambiguity in the literal meaning of the warning that the suspect has a right to remain silent is dispelled by a specific warning that this does not include the right to refuse to speak for purposes of voice identification.

5. *See* Payne v. United States, 111 U.S.App. D.C. 94, 98, 294 F.2d 723, 727, cert. denied, 368 U.S. 883, 82 S.Ct. 131, 7 L.Ed. 2d 83 (1961); Gatlin v. United States, 117 U.S.App.D.C. 123, 128 n. 9, 326 F.2d 666, 671 n. 9 (1963).

6. *See* Mallory v. United States, *supra,* 354 U.S. at 453, 77 S.Ct. 1356.

■ Prompt identification procedure may, in the very nature of things, result in two entirely different consequences. It may provide additional and reliable proof against the suspect.[7] It may provide significant proof of an exculpatory nature. The propriety of the short delay cannot be made to turn on a refined probing as to which of the two possible consequences was dominant in the minds of the particular police officers involved. Both are legitimate police concerns. To avoid fruitless controversy we declare forthrightly that procedure for prompt identification of a suspect apprehended immediately after the offense is sound as a general procedure, and presents no problems for exploration under Rule 5(a).[8]

■ We turn, finally, to appellant's claim that his constitutional rights were violated because of the lack of counsel at the confrontation. The Supreme Court's opinions on June 12, 1967, establish that a suspect has a Sixth Amendment right to counsel at a pre-trial confrontation with witnesses. United States v. Wade, *supra.* However, this right is prospective, governing identification confrontations conducted after June 12, 1967. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Accordingly we need not now consider whether *Wade* establishes a Sixth Amendment right to counsel even at a confrontation at a time and place proximate to the offense.[9] We note that the constitutional guaranty does not extend to all police conduct involving an arrested person and is, for example, not required as a condition of taking handwriting exemplars. Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (U.S. June 12, 1967); Lewis v. United States, 127 U.S.App.D.C. ——, 382 F.2d 817 (July 5, 1967).

We must consider, however, whether apart from the lack of counsel, the circumstances of the confrontation are so unfair as to require exclusion of testimony thereof. Stovall v. Denno, *supra,* 388 U.S. at 293, 87 S.Ct. 1967. The constitutional aspects of such a claim would lie for Federal prosecutions in the due process clause of the Fifth Amendment. The presentation of only one suspect, in the custody of the police, raises problems of suggestibility that bring us to the threshold of an issue of fairness. But that it is generally the case with confrontations immediately after hot pursuit.

■ Here was a confrontation proximate to the scene and time of the offense as well as the apprehension, where the observers and actors were limited to those that were in fact present at the scene and time of the offense and the chase. Here were circumstances of fresh identification, elements that if anything promote fairness, by assuring reliability, and are not inherently a denial of fairness. Putting aside the issue of right to counsel for reasons already

---

7. It is not without relevance that the Supreme Court has recently held—in another context, but involving rights of privacy that stand on high constitutional ground—that the rights of a suspect are subject to limitations arising out of society's interest in police activity (searches) undertaken to "aid in the identification of the culprit" and to obtain evidence "which would aid in apprehending and convicting criminals." Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L. Ed.2d 782, 35 U.S.L.W. 4493, 4496 (U. S. May 29, 1967).

8. The language in part III of Greenwell v. United States, *supra* note 2, 119 U.S. App.D.C. at 47, 336 F.2d at 966, should not be taken as far from context as the kind of prompt identification now before us.

9. In *Wade* the Court considered the objection that the identification rulings would require "prejudicial delay" that "will forestall prompt identifications." 388 U. S. at 218, 87 S.Ct. 1926. The Court pointed out that its decisions involved identifications made in the absence of counsel already appointed. It also noted that "substitute counsel" might be provided—impliedly, for stationhouse identifications. It did not expressly consider the case of identifications immediately after hot pursuit. Compare Kennedy v. United States, *supra* note 3, 122 U.S.App.D.C. at 294, 353 F.2d at 465.

noted, we do not consider a prompt identification of a suspect close to the time and place of an offense to diverge from the rudiments of fair play that govern the due balance of pertinent interests that suspects be treated fairly while the state pursues its responsibility of apprehending criminals.

Nor do we see any aspects of this particular identification by the actors at the scene that diverge from rudimentary fairness. Even with the impetus of a suspect apprehended and brought back by her husband and the police, the wife said she could not identify appellant by sight. It may be that in a particular case there would be reason, without denying the general principle of prompt identifications, to say that the particular identification at the scene was conducted in such an unfair way that it cannot tolerably be admitted into evidence. We find no basis for such a claim in the case before us.

Affirmed.