CLYDE C. HUMMEL, APPELLANT, *v.* SHERIFF, MINERAL COUNTY, RESPONDENT.

No. 5291

October 5, 1967                    432 P.2d 330

---

*Bradley and Drendel,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, and *Leonard P. Root,* District Attorney, Mineral County, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

After a preliminary hearing, Hummel was held to answer a murder charge in the district court. He there sought release by habeas corpus, contending that he was bound over for trial on unconstitutional evidence offered at the preliminary hearing. The district court denied his petition. This appeal followed. We affirm.

The evidence to which his contention is addressed is the identification testimony of a prosecution witness based, in part, upon a prior "lineup" conducted in the absence of his counsel. The constitutional doctrine upon which his contention rests is expressed in the trilogy of United States v. Wade, 388 U.S. 218, Gilbert v. California, 388 U.S. 263, and Stovall v. Denno, 388 U.S. 293, decided June 12, 1967. Wade and Gilbert hold that the Sixth Amendment right to counsel compels the exclusion from evidence of a courtroom identification of an accused, if the accused was exhibited to the witness at a prior lineup conducted for identification purposes without notice to and in the absence of the accused's counsel, unless the courtroom identification is shown to have an independent origin. Stovall declared that the Wade doctrine applies only to confrontations

for identification purposes conducted in the absence of counsel after June 12, 1967. Since the lineup here in question occurred before that date, the new procedural safeguard announced in Wade does not embrace this case.

Affirmed.

COLLINS and ZENOFF, JJ., concur.