CHARLES CALBERT, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5394

February 20, 1968                    437 P.2d 628

*Samuel B. Francovich,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

---

[3]The judicial records were properly authenticated. NRS 49.060; 28 U.S.C.A. § 1738.

## OPINION

By the Court, ZENOFF, J.:

Charles Calbert appeals from a conviction of grand larceny. On May 1, 1966, approximately $560 was stolen from a supermarket in Reno. That same day, the defendant was arrested for the theft. On the day of the arrest a police lineup was held. It consisted of Calbert, a Negro, and four other Negro males, all of whom wore prison attire. Witnesses to the theft identified Calbert in the lineup. The next day, another lineup was held consisting of Calbert and three other Negro prisoners. Apparently, other witnesses not present at the first lineup identified the defendant. He did not have assistance of counsel at either lineup.

At the trial the state's evidence consisted of eye-witness testimony, $240.06 in $20 denominations, and lineup identification testimony. The defense offered no evidence. Calbert was found guilty and sentenced to be imprisoned for a term of from 2 to 14 years.

For reversal Calbert contends that the trial court erred in admitting the testimony of a police officer concerning the manner in which Calbert was identified by the witnesses.

For the purpose of this appeal the extract of the testimony of the police officer was presented. That testimony relates the manner in which the lineups were conducted and the identification made by the witnesses. (At the trial, the photographs of the men placed in the lineup were introduced.) According to his testimony the men in the lineup were Negroes, approximately the same height, Calbert being no more than two inches taller, and dressed in the same attire. The officer testified "if

they (the witnesses) are told anything, the possible suspect is in the lineup, and that is all they are told." Calbert's contention is that the procedure used by the officer was greatly suggestive, that it had one purpose only, which was to have someone identify Calbert as the perpetrator of the alleged crime.

1. The procedural safeguards announced in United States v. Wade, 388 U.S. 218; Gilbert v. California, 388 U.S. 263; and Stovall v. Denno, 388 U.S. 293, decided June 12, 1967, have prospective application only effective as of that date. The proceedings in this case are not embraced by these decisions rendered six months subsequent. Hummel v. Sheriff, 83 Nev. 370, 432 P.2d 330 (1967).

2. Notwithstanding the prospective application, if the confrontations conducted were so unnecessarily suggestive as to endanger mistaken identification, then Calbert was denied due process of law and we would be concerned regardless of the June 12, 1967 cutoff date. The due process argument is a recognized ground of attack independent of any right to counsel claim. Stovall v. Denno, supra. However, the record does not present facts to show that in the totality of the circumstances Calbert was denied due process of law in respect to the lineups.

Counsel for appellant was court appointed. Accordingly, we direct the district court to give him the certificate specified in NRS 7.260(3) to enable him to receive compensation as provided in NRS 7.260(4).

Affirmed.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.