ROBERT ROGER BARKER, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 5425

March 22, 1968 438 P.2d 798

*James F. Sloan,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,*
District Attorney, and *Virgil D. Dutt,* Deputy District Attor-
ney, Washoe County, for Respondent.

# OPINION

By the Court, ZENOFF, J.:

On January 15, 1967 the Gold Key Motel, in Reno, was held up and robbed of over $150.00.

On January 20, 1967 Robert Roger Barker was arrested and charged with the robbery of the Heart O' Town Motel, in Reno, which had taken place on January 12th. While in custody pending trial for that matter Barker asked a police officer to pick up his personal belongings from a motel where he had been living prior to his incarceration in the Reno jail. He wrote a note to the management of that motel authorizing the manager to turn over the articles to the officer. When the officer picked up the belongings he noted that the clothing answered the description of those worn by the person who held up the Gold Key Motel. This clothing, coupled with the description of the robber given by the motel manager, made Barker a suspect in the Gold Key Motel robbery. A line-up was conducted in the city jail from which the manager of the Gold Key Motel, who was the hold-up victim and who saw the robber, pointed out Barker as the culprit. Barker was thereafter convicted of robbery of the Gold Key Motel from which he appeals.

As error he claims that he was denied his constitutional right to a speedy trial, his constitutional right to counsel in the line-up, and his constitutional right to counsel and privilege against self-incrimination in the taking and use of a handwriting exemplar. A fourth assignment of error, that the state failed to produce evidence which may have been helpful to him, was not prosecuted on appeal nor is there any evidence relevant to this contention.

1. Whether or not a defendant has been denied his right to a speedy trial depends on the circumstances of each case. Klopfer v. North Carolina, 386 U.S. 213 (1967); Bates v. State, 84 Nev. 43, 436 P.2d 27 (1968); Stabile v. Justice's Court, 83 Nev. 393, 432 P.2d 670 (1967). When Barker was arrested and charged in this matter he was in custody awaiting trial for another offense. The customary pretrial proceedings

and the trial resulting in Barker's conviction for that offense intervened prior to his trial for the subsequent offense. Also, on Barker's own motion a continuance was granted to obtain a psychiatric examination. Under these circumstances he was not denied a speedy trial.[1] See Bates v. State, supra.

2. Barker cannot claim to have a right to counsel during a confrontation for identification purposes conducted prior to June 12, 1967. Stovall v. Denno, 388 U.S. 293 (1967); Burton v. State, 84 Nev. 191, 437 P.2d 861 (1968); Calbert v. State, 84 Nev. 148, 437 P.2d 628 (1968); Hummel v. Sheriff, 83 Nev. 370, 432 P.2d 330 (1967). However, we must consider whether the line-up as conducted was so unnecessarily suggestive as to endanger mistaken identification thereby amounting to a denial of due process. All five persons in the line-up, which included Barker, wore jailhouse garb and were of the approximate same sizes and ages. From it the motel manager identified Barker. No undue influences are observed from the record that suggest that in the totality of the circumstances there was a denial of due process. Stovall v. Denno, supra; Burton v. State, supra; Calbert v. State, supra.

3. A hold-up note found at the scene of the crime was compared to Barker's handwriting exemplar and expert testimony established that the handwriting on the note and the exemplar were written by the same person. There was no violation of Barker's constitutional rights in obtaining a handwriting exemplar in the absence of counsel or in the admission of this evidence. Gilbert v. California, 388 U.S. 263 (1967); Hardison v. State, 84 Nev. 123, 437 P.2d 872 (1968). See also Schmerber v. California, 384 U.S. 757 (1966); United States v. Wade, 388 U.S. 218 (1967); Scott v. State, 83 Nev. 468, 434 P.2d 435 (1967).

The lower court is directed to give counsel the certificate specified in Subsection 4 of NRS 7.260 in order that he be compensated for services on appeal.

No error appearing the judgment of conviction is affirmed.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.

---

[1]The question of waiver to present the speedy trial issue on a post-conviction appeal was not raised. See Peoples v. State, 83 Nev. 115, 423 P.2d 883 (1967); cf. Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966).