STATE OF NEBRASKA, APPELLEE, V. JOSEPH B. CANNITO ET
AL., APPELLANTS.

162 N. W. 2d 260

Filed November 15, 1968. No. 36917.

Dier & Ross, for appellants.

Clarence A. H. Meyer, Attorney General, and Melvin
K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

A jury found defendants guilty of robbery. Chief
complaints on appeal concern admission of items into
evidence. The items are (1) in-court identifications by
witnesses in spite of their previous observations of de-
fendants while defendants were in custody and without
counsel, and (2) pistols seized in an unreasonable search,
the court having applied the impeachment exception to
the exclusionary rules of search and seizure.

The identifications in question are found in testimony
of Larry Arnold and Rodney Bundy, employees of a
Safeway store in Kearney, Nebraska. Reliability of the
identifications is affected by circumstances of the rob-
bery. While Arnold was carrying customers' groceries
outside the store, two strangers, subsequently identified
as the defendants, approached him. The meeting oc-
curred shortly after close of business at 9 p.m., Septem-
ber 2, 1967. Arnold and defendant Konder discussed

whether it was too late for Konder to buy a loaf of bread. The conversation ended with Konder's request to see the manager, and the three men entered the store. Defendants quickly announced their purpose.

During the robbery Arnold lay on the floor near defendant Cannito. A few feet away but out of Arnold's sight, Bundy upon Konder's demand removed money from the safe. The elapsed time was 5 to 10 minutes. A verbatim record of descriptions given by Arnold and Bundy prior to October 2 was not made.

After the robbery but before September 9, 1967, Bundy traveled to Fairfax, Missouri, where he stated that two suspects exhibited to him had not robbed the store. On September 9 he and Arnold observed defendants in custody at Kimball, Nebraska. There was no lineup. Defendants then had no counsel, and they did not waive their right to counsel. They subsequently moved for an order that identification of them by Arnold or Bundy before a jury would be inadmissible. At the hearing a record of Bundy's testimony on October 2 at defendants' preliminary hearing was received in evidence, and the motion was overruled. In January 1968, Arnold and Bundy identified defendants in presence of the jury.

An in-court identification by a witness to whom the accused was exhibited before trial and in absence of defense counsel is inadmissible, unless an independent origin of the identification has been established. United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149. The identifications made by Arnold and Bundy had origins independent of the Kimball meeting. The rulings of the district court were correct.

Two pistols had been seized by the sheriff of Kimball County in an unreasonable search of defendants' motel room at Kimball on September 9, 1967. References to the pistols which the court had suppressed from evidence began in the State's evidence-in-chief. The pistols in the description of the sheriff were a .38 revolver with a brown handle and a .22 revolver with a black handle. An

eyewitness to the robbery had seen the light brown handle of a snubnosed .38 pistol and the darker handle of another pistol.

Konder on direct examination testified to an alibi without mentioning firearms. On cross-examination he admitted ownership on September 9, 1967, of a .38 pistol with a black handle and a .22 pistol that was "grayish-grayish black" or a "nondescript color." The State in rebuttal produced both pistols. After laying foundation and eliciting testimony that the handle of the .22 pistol was black, the State offered them in evidence for purposes of impeachment. They were received over objection.

The exclusionary rules of search and seizure are subject to an impeachment exception that at most is narrow. See, Walder v. United States, 347 U. S. 62, 74 S. Ct. 354, 98 L. Ed. 503; Note, 34 U. Chi. L. Rev. 939. Its range is determined from evidence in light of needs for exclusionary rules with teeth and for accuracy in fact finding. With some doubt we conclude that the ruling of the district court was correct.

Other assignments of error are not good. The judgments are affirmed.

AFFIRMED.