ROBBIE OLAN CRAIG, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5649

March 7, 1969                                   451 P.2d 365

[Rehearing denied March 25, 1969]

*Keith C. Hayes,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Earl Gripentrog,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Zenoff, J.:

Appellant was chased from the scene of an armed robbery at the Fremont Hotel in Las Vegas on August 13, 1966 at about 10:00 p.m. He was captured, charged with and convicted of the robbery. He claims error occurred at his trial.

1. Appellant complains that the prosecution was required to prove the amount of money which was stolen. The testimony of four witnesses substantiates the prosecution's claim that the appellant took money by force of arms and that the money belonged to the Fremont Hotel. Theft of money was proven. Nothing more as to that was required.

2. Appellant also contends that he was prejudiced because he was identified at his preliminary hearing without a lineup. The exact nature of the prejudice appellant urges is unclear. But in any event there is no constitutional compulsion to hold a lineup. Rather only that if one is held it must afford the safeguards required by United States v. Wade, 388 U.S. 218 (1967), and Gilbert v. California, 388 U.S. 263 (1967), and must not deny due process of law as contemplated by Stovall v. Denno, 388 U.S. 293 (1967), and Simmons v. United States, 390 U.S. 377, 384 (1968). See Biggers v. Tennessee, 390 U.S. 404 (1968); Burton v. State, 84 Nev. 191, 437 P.2d 861 (1968); Barker v. State, 84 Nev. 224, 438 P.2d 798 (1968); Calbert v. State, 84 Nev. 148, 437 P.2d 628 (1968); Hummel v. Sheriff, 83 Nev. 370, 432 P.2d 330 (1967). See also Wise v. United States, 383 F.2d 206 (D.C.Cir. 1967); United States v. Trivette, 284 F.Supp. 720 (D.C. 1968); United States v. Wilson, 283 F.Supp. 914 (D.C. 1968); United States v. O'Connor, 282 F.Supp. 963 (D.C. 1968).

3. Finally, appellant complains that the information must charge that the money was taken from the presence of the custodian of the money and that it does not so charge. The person in whose presence it was charged that the money was taken was the desk clerk and cashier. The person in general charge of the money was standing nearby and observed the robbery. We discern no error which would be deemed reversible under the doctrine of Thorne v. State, 81 Nev. 112, 399 P.2d 201 (1965).

Other errors complained of are either not preserved or clearly without merit.

Craig is an indigent and has been represented by court-appointed counsel. Accordingly, we direct the district court to give counsel the certificate specified in NRS 7.260(3) to enable him to receive compensation as provided in NRS 7.260(4) for services on appeal.

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.