TOMMY THOMPSON, APPELLANT, v. THE STATE
OF NEVADA, RESPONDENT.

No. 5616

March 11, 1969                          451 P.2d 704

*James D. Santini,* Public Defender, and *Robert N. Peccole,* Assistant Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *George E. Holt,* and *George H. Spizzirri,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

This appeal presents the question of whether counsel is required to be present when a suspect who is in police custody is identified from a group of pictures at a police station house in lieu of a lineup.

A gas station in Las Vegas was robbed a few minutes after midnight on December 1, 1967. Two women who were in the station's waiting room and the station attendant who was robbed gave the police a description of the robber. Appellant was observed by a police officer in a restaurant at about 3:00 a.m. that morning as matching the broadcast description of the robber. He was arrested and incarcerated.

At about 10:00 a.m. that same morning, the station attendant and the two women who observed the robbery went to the police station. There they were shown a group of eight pictures, one of which was of appellant. All were about the same size. However, the picture of appellant was larger than the others, and it had the date, December 1, 1967, on it. All three witnesses identified appellant from his picture. Appellant was not apprised of this identification procedure. There was never any physical lineup held in which appellant was obliged to exhibit himself for identification. No defense counsel was present. There was never any waiver of counsel.

Appellant was convicted upon the testimony of the station attendant, the two women who were bystanders, the arresting police officer, and a girl friend of appellant. The girl friend denied that he was with her at the time of the robbery as he claimed. During the trial, the station attendant unequivocally identified appellant as the robber. Immediately a hearing was held in the absence of the jury to ascertain whether the in-court identification was based on the photographic display shown the witnesses while he was in custody. The district court concluded

that the state had proven by clear and convincing evidence that the in-court identification was based on the prolonged and thorough observation of the robber at the holdup. But the attendant said he was unable to say whether the photographs, except appellant's, shown him at trial were the ones shown him at the photographic identification. The attendant never testified about the photographic identification in the presence of the jury.

The two women who were in the gas station waiting room during the robbery testified that they closely observed appellant for about five to ten minutes prior to the robbery because their attention was attracted by his unusually long blonde hair and nervous mannerisms as he paced about the station and the waiting room prior to the robbery. They very adamantly identified him at trial. They testified extensively about the photographic identification in the presence of the jury. No hearing was held to determine to what extent their identification was based on the photograph of appellant which they were shown the morning of the robbery. Neither of the two women could say that the photographs, other than the one of appellant, were the ones they were shown at the station house.

### 1. In-court Identifications.

Appellant first contends that United States v. Wade, 388 U.S. 218 (1967), gave him the right to have counsel present when he was identified by the attendant from the group of photographs. He argues that the selection of his photograph by the attendant from the group of eight photographs at the police station where he was in custody was tantamount to a physical lineup in which he could have participated. We agree.

We can discern no substantial difference between a lineup of photographs of persons and a lineup of the persons themselves insofar as the constitutional safeguards required by Wade, supra, are concerned. The photographic display is even more subject to prejudicial distortion than is a lineup. In the former the accused is not even present to observe the conditions of his identification. See Note, 63 Nw.U.L.Rev. 251, 258 & n. 37 (1968). Both serve the same purpose in the circumstances of this case and the same protections accordingly are required.

Wade, supra, held, in part, that an accused has a right to have appointed counsel present when he is exhibited in a lineup and also that no witness who identified the accused in a lineup conducted in the absence of his counsel may identify

the accused in court at his trial unless it is judicially determined that the in-court identification is not tainted by and is independent of the pretrial lineup identification. There was no waiver of counsel as in Jones v. State, 85 Nev. 53, 450 P.2d 139 (1969). Wade, supra, requires a showing by the prosecution with clear and convincing evidence that the in-court identification is the result of observation at the scene of the offense charged. We are satisfied here that the prosecution has carried its burden in the hearing conducted by the district court and that the in-court identification was independent of the pretrial identification. Shepard v. State, 213 So.2d 11 (Fla.App. 1968); Tyler v. State, 245 A.2d 592 (Md.Spec. App. 1968); State v. Cannito, 162 N.W.2d 260 (Neb. 1968); State v. Carrothers, 443 P.2d 517 (N.M. Ct.App. 1968); State v. Williams, 163 S.E.2d 353 (N.C. 1968); c.f. Jones v. State, 215 So.2d 437 (Ala. 1968). See also People v. Caserta, 224 N.E.2d 82 (N.Y. 1966).

The fact that Wade, supra, involved a post-indictment lineup is not determinative. The right to counsel attaches when the prosecutorial process shifts from the investigatory to the accusatory stage and focuses on the accused. Miranda v. Arizona, 384 U.S. 436, 466, 470 (1966); Escobedo v. Illinois, 378 U.S. 478 (1964); Rivers v. United States, 400 F.2d 935 (5th Cir. 1968); Wise v. United States, 383 F.2d 206, 209 & n. 9 (D.C. Cir. 1967), cert. den., 390 U.S. 964 (1968); United States v. Wilson, 283 F.Supp. 914 (D.C. 1968). The shift had occurred in this case at the time of the photographic display.

*2. Evidence of Pretrial Indentifications.*

It is also contended that error was committed when the two women witnesses who identified the appellant at his trial also testified that they had identified appellant at the photographic display. We agree.

Gilbert v. California, 388 U.S. 263 (1967), held that admission of evidence at trial of an identification at a lineup where the accused was neither afforded counsel nor waived it is constitutional error per se and requires reversal unless the error is harmless beyond a reasonable doubt as required by Chapman v. California, 386 U.S. 18 (1967). See also Guyette v. State, 84 Nev. 160, 438 P.2d 244 (1968); People v. Ross, 429 P.2d 606 (Cal. 1967); Commonwealth v. Padgett, 237 A.2d 209 (Pa. 1968). As a practical matter, clear and convincing proof that an in-court identification is independent of the illegal pretrial lineup will often be sufficient to support a

finding that admission of evidence of the illegal pretrial lineup is harmless error.

As indicated above, we see no substantial distinction between a lineup and a substituted photographic display while the suspect is in custody. For that reason we hold that Gilbert, supra, applies in this case. The admission of the testimony in the presence of the jury regarding the photographic display was error per se. But we further hold that because of the overwhelming evidence of guilt and of the trustworthiness of the identification, the error committed by the admission of evidence of the pretrial identification was harmless beyond a reasonable doubt.

### 3.  Substitutes for Presence of Counsel.

Although we hold that Wade, supra, and Gilbert, supra, apply in this case, it is clear that a substitute for counsel can be provided by local law enforcement agencies. The difficulty in procuring appointed local counsel for such identifications can be a substantial burden. Wade, supra, explicitly provides for a substitute for such exigencies.

"Legislative or other regulations, such as those of local police departments, which eliminate the risks and abuse and unintentional suggestion at lineup proceedings and the impediments to meaningful confrontation at trial may also remove the basis for regarding the stage as 'critical.' " Wade, supra, 388 U.S. at 239.

We would not require counsel at photographic identification proceedings while the suspect is in custody if local law enforcement authorities would but preserve competently in the legal sense the photographs that are displayed to witnesses, provide guidelines for proper photographic identification procedures, and follow these guidelines. If the pictures are preserved and presented in court at subsequent proceedings with the same foundation as other similar evidence, defense counsel will be able to intelligently cross-examine the witnesses at trial. The guidelines would provide against improper suggestion which could not be cured by cross-examination.

In this case no one was sure that the photographs, other than appellant's, were the same photographs which were used at the pretrial identification. The difficulties of cross-examination and the possibilities of irreparable suggestion are apparent.

### 4.  Due Process of Law.

Appellant also contends that the photographic display denied him due process of law. We have decided the applicable due

process standard many times before. Burton v. State, 84 Nev. 191, 437 P.2d 861 (1968); Barker v. State, 84 Nev. 224, 438 P.2d 798 (1968); Calbert v. State, 84 Nev. 148, 437 P.2d 628 (1968); Hummel v. Sheriff, 83 Nev. 370, 432 P.2d 330 (1967). Other states have considered this question when confronted by photographic displays similar to the one in this case. State v. Woodard, 246 A.2d 130 (N.J. Super. 1968); Vios v. State, 246 A.2d 313 (Md.Spec.App. 1968); Barnes v. State, 245 A.2d 626 (Md.Spec.App. 1968). The United States Supreme Court enunciated the general standard applicable to lineups long ago. Stovall v. Denno, 388 U.S. 293 (1967). None of these cases have found a violation of due process. See also Wise v. United States, 383 F.2d 206 (D.C.Cir. 1967), cert. den. 390 U.S. 964 (1968); United States v. Trivette, 284 F.Supp. 720, 724 & n. 12 (D.C. 1968); United States v. Wilson, 283 F.Supp. 914, 916 & n. 11 (D.C. 1968); United States v. O'Connor, 282 F.Supp. 963, 964 & n. 4 (D.C. 1968).

Simmons v. United States, 390 U.S. 377, 384 (1968), dealt with a photographic display similar to the one in this case and establishes the applicable due process standard. "[W]e hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." See also Biggers v. Tennessee, 390 U.S. 404 (1968) (Douglas, J., dissenting).

Although we do not have all of the photographs used at the police station when appellant was identified, the witnesses did testify that all were similar, were of persons of the same race and size, that the police officers imposed no suggestive influence, and that their opportunity for observation of the robber was very extensive. Thus we hold that there is no very substantial likelihood of irreparable misidentification. Therefore there was no denial of due process of law.

Affirmed.

BATJER and THOMPSON, JJ., concur.

COLLINS, C. J., concurring in part, dissenting in part:

I concur in the result announced by the court's opinion and certain of the reasoning leading to that result.

I dissent, however, from extension of the doctrine of United States v. Wade, 388 U.S. 218 (1967) to a pretrial examination of photos or mug shots of a suspect then in custody. If the rule

in Wade is to be thus extended, it should be done by the United States Supreme Court, but not this court.

The majority opinion seems anxious to once more outleap the United States Supreme Court. I feel no legal compulsion to join in that leap.

The record in this case leaves no doubt the true identification of appellant by both the victim and the two women was from their observations at the scene of the crime, independent of pretrial identification. The majority opinion agrees. We should stop there and at least wait until a pretrial identification from mug shots presents a serious question of prejudice before we undertake pronouncement of another constitutional rule in the evidence field.

MOWBRAY, J., concurs with the views expressed above by Chief Justice Collins.