STATE OF NEBRASKA, APPELLEE, v. LEONARD LEO FRANKLIN, APPELLANT.

173 N. W. 2d 393

Filed January 9, 1970. No. 37342.

A. Q. Wolf and Lynn R. Carey, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant was convicted of robbery and sentenced to 4 to 6 years imprisonment. His motion for new trial was overruled and he has appealed.

The complaining witness, Dallas Petersen, testified that he met Josephine Parker at Fifteenth and Cass Streets in Omaha, Nebraska, at about 10 p.m., on January 3, 1969, and invited her to go riding with him in his automobile. Petersen drove around for awhile and then stopped and bought two six-packs of beer.

At the request of Parker, Petersen drove to Twenty-fifth and Patrick Streets. Petersen, Parker, and an Indian male identified as William Phillips, then entered an apartment house at 2434 Patrick Street and went to the second floor. The defendant followed them into the building and the robbery took place in the hallway on the second floor of the apartment house.

Petersen had left part of his money in the automobile,

so Phillips and the defendant took Petersen out to the automobile to get the rest of his money. After they had located the rest of the money, the defendant struck Petersen in the face and he and Phillips left.

After Petersen had reported the robbery he was taken to the police station and shown about 200 photographs. He also appeared at two lineups at the police station and identified the parties who had robbed him.

At the trial Petersen positively identified the defendant as the man who had robbed him. The defendant contends that this identification of the defendant by Petersen should have been excluded because the defendant did not have the assistance of counsel at the lineups. See United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149.

Petersen testified that his identification of the defendant at the trial was based upon his independent recollection of seeing the defendant at the time of the robbery. The identification had an origin independent of the lineups and was admissible. See, State v. Cannito, 183 Neb. 575, 162 N. W. 2d 260; State v. Beasley, 183 Neb. 681, 163 N. W. 2d 783. Although the hallway in the apartment house was dimly lighted, Petersen had a good view of the defendant while the defendant and Phillips were locating the money that Petersen had left in his automobile.

During the cross-examination of Phillips, who testified for the defendant, the State was allowed to inquire as to whether the defendant and Phillips had been in jail at the same time and whether Phillips had seen and talked to the defendant in jail. Phillips volunteered that he had been in jail during the summer of 1968. The defendant contends that the evidence as to the defendant having been in jail should have been excluded because it tended to show that the defendant had committed another crime before the robbery.

The State cross-examined Phillips in regard to the extent of his acquaintance with the defendant before the

robbery. The evidence in question had some relevance to that issue. The scope of the cross-examination of a witness rests largely in the discretion of the trial court. State v. Sukovaty, 178 Neb. 779, 135 N. W. 2d 467. We find no abuse of discretion here.

At the request of his counsel, we have considered a statement filed by the defendant personally in this court and find it to be without merit.

The judgment of the district court is affirmed.

AFFIRMED.