498 P.2d 145

The STATE of Arizona, Appellee,

v.

Robert William YEHLING, Appellant.

No. 2265.

Supreme Court of Arizona,
In Banc.

June 7, 1972.

· · Gary K. Nelson, Atty. Gen. by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

· Howard A. Kashman, Pima County Public Defender by Eleanor Daru Schorr, Deputy Public Defender, Tucson, for appellant.

HAYS, Chief Justice.

This is an appeal by the defendant from a conviction of armed robbery and a sentence of not less than ten nor more than twelve years.

Anthony Nicastro owned a barber shop. Business was slack and he fell asleep in his barber chair while watching TV. He was awakened by a dark-haired man with a gun. Shortly thereafter, a second man—a blonde, wearing a mask—entered the shop. The first man clubbed the barber on the head with the gun, and both men forced Nicastro to the back room of the shop where he sat on a bed while they tied him up. They took his wallet and money and left.

Nicastro gave the police a description of the first man, and a few days later Detective Penning showed the victim six black-and-white pictures which included one of the defendant. The detective did not suggest that the pictures included one of the suspect. They were numbered one to six. As the barber leafed through the pictures and came to number three, he immediately and unhesitatingly made a positive identification of defendant's picture. After that, the officer showed him two colored pictures of defendant which Nicastro also identified.

The display of the pictures to the victim was done without defendant's knowledge and without telling defendant that he had a right to have an attorney present during

the identification procedure, and no such attorney was in fact present.

The leading case on photographic identification is Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, in which the United States Supreme Court held:

"Simmons, however, does not contend that he was entitled to counsel at the time the pictures were shown to the witnesses. Rather, he asserts simply that . . . the identification procedure was so unduly prejudicial as to fatally taint his conviction. This is a claim which must be evaluated in the light of the totality of surrounding circumstances. . . . Notwithstanding cross-examination, none of the witnesses displayed any doubt about their respective identifications of Simmons. Taken together, these circumstances leave little room for doubt that the identification of Simmons was correct, *even though the identification procedure employed may have in some respects fallen short of the ideal.*" 88 S.Ct. at 970, 972 (emphasis added).

\* \* \* \* \* \*

". . . [W]e hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at pre-trial identification by photograph *will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.*" 88 S.Ct. at 971 (emphasis added).

■ The right to counsel at a lineup has been firmly established by the United States Supreme Court in post-indictment lineups. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. The main reason given in those decisions is that a lineup is

a critical stage in the proceedings against the defendant.

■ In his brief, defendant argues that a photographic identification is merely another form of a lineup; that defendant's constitutional right to have an attorney present at a lineup applies to a photographic identification; and that in this case the latter was so suggestive as to taint the in-court identification. Defendant contends that a photo-identification is an even more critical stage than a physical lineup, because where photographs are used, defendant is not even present to observe any improprieties.

The principal case cited in defendant's brief in support of his theory is United States v. Zeiler, 427 F.2d 1305 (3rd Cir. 1970), in which the court reversed a conviction and held:

"Simmons v. United States, . . . did not deal with the issue of right to counsel at photographic identifications. The photographic identification in that case occurred prior to arrest and was part of the investigation process. However, when as in the instant case, the investigation has resulted in the arrest of an accused, the right to counsel attaches." P. 1307.

Just a few weeks ago, however, the United States Court of Appeals for the Third Circuit, sitting en banc, overruled its previous decision in *Zeiler, supra.* In the case of United States ex rel. Reed v. Anderson, 461 F.2d 739, decided April 11, 1972, that court said:

"The details of this pre-trial photographic identification were introduced by the state as a part of its case. . . . The actual mischief sought to be avoided was the physical confrontation of an uncounseled defendant with his alleged victim and other witnesses . . . . [W]e are nevertheless convinced that it is relatively simple to reconstruct identification by photographs in the presence

of the judge and jury. . . . We *therefore overrule that portion of Zeiler which denominated a pre-trial photographic identification as a critical stage requiring the presence of counsel to satisfy the Sixth Amendment.*" (Emphasis added).

Defendant also calls our attention to three other cases: Thompson v. State, 85 Nev. 134, 451 P.2d 704; Commonwealth v. Whiting, 439 Pa. 205, 266 A.2d 738, and State v. Ferguson, 3 Wash.App. 898, 479 P.2d 114. While these cases support defendant's position, two of them affirmed the convictions anyway, after looking to the totality of the circumstances. In our opinion, the sounder view is represented by *United States ex rel. Reed, supra.*

The United States Court of Appeals for the Second Circuit also has spoken on this issue, as follows:

"To require that defense counsel be allowed or appointed to attend out-of-court proceedings where the defendant himself is not present, would press the Sixth Amendment beyond any previous boundary . . . counsel is rather to be provided to prevent the defendant himself from falling into traps devised by a lawyer on the other side and to see to it that all available defenses are proffered. Many other aspects of the prosecution's interviews with a victim or witness to a crime afford just as much opportunity for undue suggestion as the display of photographs; so, too, do the defense's interviews, notably with alibi witnesses." United States v. Bennett, 409 F.2d 888, 899–900, cert. denied, 396 U.S. 852, 90 S.Ct. 113, 24 L.Ed.2d 101.

In the instant case, the six black-and-white photographs used by the police to effect the initial identification, have been preserved and made a part of the record. We have examined them and note that they are calculated to make it difficult for anyone to point to the defendant's picture for any reason except an honest conviction that he was the robber. In short, the totality of the circumstances gives rise to no suspicion of any kind that the photographic identification was conducted without the most scrupulous care to make the identification free from possibility of error.

The judgment of the superior court is affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.