IN THE SUPREME COURT OF THE STATE OF NEVADA

QUINCEY WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79504

FILED

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, conspiracy to commit kidnapping, home invasion while in possession of a deadly weapon, burglary while in possession of a deadly weapon, battery with intent to commit a crime, battery with intent to commit sexual assault, possession of stolen property, sexual assault with the use of a deadly weapon, two counts of battery with the use of a deadly weapon, two counts of battery with the use of a deadly weapon resulting in substantial bodily harm, three counts of first-degree kidnapping with the use of a deadly weapon, and three counts of robbery with the use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant Quincey Williams, along with Wilbert Knight and Brandon Black, was arrested in connection with three home invasions over the span of two months. In each home invasion, the perpetrators took small items such as cellphones, computer tablets, jewelry, and cash. The perpetrators also beat the victims, some brutally. DNA from the second

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21- 01440

home invasion matched Williams's DNA, and law enforcement found property from that incident in his apartment. Williams raises six main issues on appeal.

*Motion to sever*

First, Williams argues that the district court abused its discretion by denying his motion to sever because he and Knight presented antagonistic defenses.[2] We disagree. "While there are situations in which inconsistent defenses may support a motion for severance, the doctrine is a very limited one." *Jones v. State*, 111 Nev. 848, 853, 899 P.2d 544, 547 (1995). Multiple defendants may be charged together if the indictment alleges they participated in the same acts constituting the offense, and the law favors joint trials. *See id.*; NRS 173.135. Where a district court errs in failing to sever a joint trial, we will reverse only if the defendant shows that joinder had "a substantial and injurious effect on the verdict." *Marshall v. State*, 118 Nev. 642, 647, 56 P.3d 376, 379 (2002).

Here, Williams contends that Knight argued that Williams had access to his apartment, suggesting that Williams was responsible for the first home invasion. Even assuming, arguendo, the district court erred, any error was harmless because Williams was only convicted of the charges related to the second home invasion. Williams does not show that being tried with Knight prejudiced him or affected the verdict where he and Knight were not convicted of charges related to the same home invasion. *See id.* at 647, 56 P.3d at 378 ("The decisive factor in any severance analysis

---

[2]All three defendants moved to sever. The district court severed Black's trial but declined to sever Knight and Williams's trial. A jury convicted Williams of the charges related to the second home invasion, and convicted Knight of charges related to the first and third home invasion.

remains prejudice to the defendant."). Moreover, DNA evidence and stolen property tied Williams to the second home invasion, independent of any evidence against Knight. Accordingly, Williams has not shown prejudice or that "this joint trial undermined the jury's ability to render a reliable judgment as to [his] guilt." *Id.* at 648, 56 P.3d at 380. Therefore, no relief is warranted on this claim.

*Motion to exclude pretrial identification*

Second, Williams argues that the district court erred in denying his motion to exclude the female victim's pretrial identification of him. In reviewing a pretrial identification, our "inquiry is two-fold: (1) whether the procedure is unnecessarily suggestive and (2) if so, whether, under all the circumstances, the identification is reliable despite an unnecessarily suggestive identification procedure." *Bias v. State*, 105 Nev. 869, 871, 784 P.2d 963, 964 (1989). While attending Williams's preliminary hearing, the State asked if the female victim recognized anyone in the crowded courtroom. The female victim responded that she recognized Williams. A detective from Williams's case, also in attendance, witnessed the identification and testified at trial that it occurred while Williams was seated in a crowd of people, including other African-American males. At trial, the female victim testified accordingly and again identified Williams as one of the men that broke into her home. Based on this unique record, we conclude that the pretrial identification procedure was not unduly suggestive, and thus we perceive no error in the district court's denial of Williams's motion to exclude.[3] *See Gehrke v. State*, 96 Nev. 581, 584, 613

---

[3]Given our conclusion, we need not address the reliability factor. *See Perry v. New Hampshire*, 565 U.S. 228, 241 (2012) ("The due process check

P.2d 1028, 1029 (1980) (providing that, "it is for the jury to weigh the evidence and assess the credibility of the eyewitnesses"); *Craig v. State*, 85 Nev. 130, 131, 451 P.2d 365, 365-66 (1969) (concluding that the defendant was not prejudiced by a witness identification at a preliminary hearing without a lineup).

*Prosecutorial misconduct*

Third, Williams argues for the first time on appeal that the prosecutor improperly quantified reasonable doubt during closing arguments by telling the jury that reasonable doubt is not "beyond all imaginary doubt" or "beyond a shadow of a doubt." While we have consistently cautioned prosecutors against quantifying reasonable doubt, *see Wesley v. State*, 112 Nev. 503, 514, 916 P.2d 793, 801 (1996) ("[W]hen prosecutors attempt to rephrase the reasonable doubt standard, they venture into troubled waters."), the prosecutor's comments here do not rise to the level of plain error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (providing that unpreserved claims of prosecutorial misconduct are reviewed for plain error). In particular, even assuming error, Williams has not demonstrated actual prejudice or a miscarriage of justice, *see Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (observing that under plain error review "the burden is on the defendant to show actual prejudice or a miscarriage of justice"), because the district court correctly instructed the jury on reasonable doubt, *see Randolph v. State*, 117 Nev. 970, 981, 36 P.3d 424, 431 (2001) ("We have . . . consistently deemed

---

for reliability . . . comes into play only after the defendant establishes improper police conduct. The very purpose of the check . . . was to avoid depriving the jury of identification evidence that is reliable, *notwithstanding* improper police conduct." (emphasis in original)).

incorrect explanations of reasonable doubt to be harmless error as long as the jury instruction correctly defined reasonable doubt.").

*First-degree kidnapping convictions*

Fourth, Williams argues that insufficient evidence supports his three convictions for kidnapping because any restraint or movement of the victims was incidental to the robbery. We disagree. When reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. State*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). A jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports its verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Here, stolen property and Williams's DNA connected him to the home invasion. And the male victim testified that after two men broke down his back door and entered his home, one forced the male victim to the ground and beat him. One perpetrator pulled the male victim's shirt over his head and forced him upstairs. After the male victim identified the location of money in an upstairs room, the perpetrator put a pillowcase over his head and moved him to the master bedroom. Further, the female victim testified that the perpetrators pulled her downstairs and forced her to lay on the ground. Then after telling the perpetrators the location of her purse, she was pulled upstairs and into the master bedroom. Finally, the juvenile victim testified that one of the perpetrators entered her bedroom and told her to go to the master bedroom. Further, the female victim testified that while one perpetrator attempted to sexually assault her, he moved the juvenile victim back to her bedroom. Given this evidence, a rational juror

could have determined that the movement of and physical injury to the victims created a risk of danger "substantially exceeding that necessarily present in the crime of robbery" or "substantially in excess of that necessary" to complete the robbery and supported dual convictions for robbery and kidnapping. *Mendoza v. State*, 122 Nev. 267, 275, 130 P.3d 176, 181 (2006). And moving the juvenile victim from her bedroom to the master bedroom and back again "had independent significance apart from the underlying robbery." *Pascua v. State*, 122 Nev. 1001, 1005, 145 P.3d 1031, 1033 (2006). Therefore, this argument does not warrant reversal of Williams's kidnapping convictions.[4]

*Jury instructions*

Fifth, Williams argues that the district court erred in instructing the jury on reasonable doubt and equal and exact justice because the given instructions improperly minimized the State's burden of proof. We disagree. Williams did not object to these instructions at trial, and we discern no plain error, *see Green*, 119 Nev. at 545, 80 P.3d at 94-95 (reviewing an unobjected-to error for plain error affecting substantial rights), particularly where this court has repeatedly upheld the instructions, *see, e.g., Belcher v. State*, 136 Nev., Adv. Op. 31, 464 P.3d 1013, 1029 (2020).

*Cumulative error*

Finally, Williams argues that cumulative error warrants reversal. Having considered the relevant factors, we are not convinced that

---

[4]To the extent Williams argues that insufficient evidence supports the kidnapping charges' deadly weapon enhancements, our review of the record demonstrates sufficient evidence to support the enhancement of these charges.

the cumulative effect of the two errors assumed above violated Williams's right to a fair trial. *See Valdez*, 124 Nev. at 1195, 196 P.3d at 481 (stating that the court considers three factors to determine whether the cumulative effect of errors violated a defendant's right to a fair trial: "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged" (internal quotation marks omitted)). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Eric Johnson, District Judge
      Law Office of Christopher R. Oram
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk