213 So.2d 11 (1968)
Readus Roscoe SHEPARD, Appellant,
v.
STATE of Florida, Appellee.
No. 68-13.
District Court of Appeal of Florida. Second District.
July 31, 1968.
Walter R. Talley, Public Defender, and William H. Namack, III, Asst. Public Defender, Bradenton, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
This is an appeal by Readus Roscoe Shepard, defendant below, from a judgment of conviction in a criminal case.
*12 Shepard was informed against in the Lee County Circuit Court for the offense of uttering a forged instrument. Upon trial by jury he was convicted and thereafter sentenced to a term in the State Prison. From such conviction he appeals to this Court.
The only point relied upon by Shepard here is that he was not represented by counsel at the time he was allegedly identified in a police lineup before trial, and that his later identification during the trial by the same witnesses was unduly influenced by the jail identification.
In United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, the high Court held that a pre-trial lineup identification while the accused is in custody was a "critical stage of the prosecution", and that unless intelligently waived the accused was entitled to the benefit of counsel being then present "as at the trial itself". The holding in Wade was qualified however by the further observation of the high Court that even if counsel were not present at the "pre-trial confrontation" the admissibility of identification testimony at the trial would depend upon whether the trial identification was "based upon observations of the suspect other than the lineup identification". It was said that determination of this question would depend upon "various factors", the foremost of which would be "the prior opportunity to observe the alleged criminal act". In the case sub judice, this would be at the time the forged check was being uttered.
The State abundantly met the test laid down in Wade.
On July 12, 1967, Shepard voluntarily left his job with B & G Metals Inc., of Ft. Myers. Certain checks of the company were discovered stolen that day. On the following day, July 13th, a man came into the office of U Save Super Market, Ft. Myers, and asked the office lady, a Mrs. Jean Wright, to cash a check. She asked him for identification and his driver's license, but he had neither. She finally directed him to sign the check and put his address on it. He replied, "I don't know my street number", that he would have to get it from the man "that was with him". Leaving the check on the desk he went out to a car parked in front, where he talked with a man in the driver's seat for some fifteen or twenty seconds, then he went back into the Super Market, put an address on the check, and it was thereupon cashed for him. This was about 9 o'clock in the morning.
Mrs. Wright positively identified Shepard at trial as being the person with whom she had the dealings, as did another Super Market employee, Mrs. Roberta Gross. In fact, Mrs. Gross's suspicions were aroused when he left the check on the desk and she followed to observe him as he went out front to the car, then watched him carefully as he came back in and cashed the check. Their testimony was not impeached, not contradicted, and not weakened on cross-examination. This was obviously sufficient to establish that their "in-Court identifications were based upon observations of the suspect other than the lineup identification".
There was thus foundation for admissibility of the identification testimony at trial and, inasmuch as the State made no effort to affirmatively present facts as to the pre-trial jail identification, the absence of counsel at the latter confrontation was without prejudicial incidence.
While the circumstances close the door to any valid contention of Shepard based upon the jail identification, no assignment of error was filed directed to the admission of the trial identification testimony nor to the pre-trial confrontation at the jail. Also, no objection at any time was made by Shepard to any of the identification testimony during the trial. Shepard's counsel here concedes this to be true but contends that the matter now raised constitutes "fundamental error" of which this appellate Court should take cognizance absent objection or assignment of error. *13 This contention lacks substance, however, in light of the fact that the contention of invalidity rests entirely upon the Wade case, and the State here met fully the requirements of that case in removing any stigma from the identification evidence.
It follows that there has been no error demonstrated here and therefore the judgment appealed from is
Affirmed.
LILES, C.J., and HOBSON, J., concur.