Readus R. SHEPARD, Petitioner-
Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida,
Respondent-Appellee.

No. 28859
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 9, 1970.

Rehearing Denied and Rehearing En
Banc Denied May 27, 1970.

Readus R. Shepard, pro se.

Earl Faircloth, Atty. Gen., State of Florida, Tallahassee, Fla., Morton J. Hanlon, Asst. Atty. Gen., Lakeland, Fla., for appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying without a hearing the petition of a Florida convict for the writ of habeas corpus. We reverse in part and remand in part.[1]

Appellant is presently serving a five year sentence after having been convicted by a jury of uttering a forged instrument. On direct appeal, the conviction was affirmed. Shepard v. State, Fla.App.1968, 213 So.2d 11.

[1]. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

Appellant alleged in his federal habeas petition that a handwriting analysis conducted by the state was illegally suppressed. He also claimed that he was identified at his trial by witnesses who had previously identified him at an improperly conducted lineup. The district court denied relief without holding an evidentiary hearing.

■ As to the first ground, appellant contends that two state witnesses testified that appellant endorsed the forged check in their presence and the state suppressed the results of a handwriting analysis which disclosed that the endorsement signature was not written by appellant. The district court rejected this claim for two reasons. First, it was found from the record that the witnesses testified only that appellant wrote an address on the back of the instrument. Second, the handwriting analysis was at most impeachment evidence since appellant was charged with uttering a forged instrument, not with forgery, and thus the analysis as to the signature endorsement was immaterial. It is not clear from the state court record that the witnesses limited their testimony to appellant having written only the address on the check. This should have been clarified in a hearing in the federal habeas court. Moreover, the issue was the identification of appellant and the handwriting analysis should have been examined in an effort to determine its bearing, if any, on whether the address was in appellant's handwriting. Thus an evidentiary hearing on this issue was indicated.

The district court denied the second ground for relief for failure to exhaust state remedies. The record includes a copy of appellant's motion to the state trial court to set aside the judgment pursuant to Rule 1.850, Fla.R.Crim.P., 33 F.S.A. In that motion, appellant raised the same issues as contained in his federal habeas petition. The state trial court denied relief on October 1, 1968. The Second District Court of Appeals of Florida affirmed on March 19, 1969. The Supreme Court of Florida denied habeas corpus on April 24, 1969. Shepard v. Wainwright, Fla.1969, 225 So.2d 531.

■ The record does not indicate whether the petition to the Florida Supreme Court presented the constitutional challenge to the pre-trial lineup and its effect on the in-court identification. Thus, that part of the judgment dealing with the lineup question must be vacated and remanded to the district court to determine whether the issue has been presented to the Florida Supreme Court. If the district court determines that the issue was presented to the Florida Supreme Court, then the district court should consider the merits of appellant's claim. Conversely, if appellant has not yet sought relief from the Florida Supreme Court on this ground, the district court should deny the writ for failure to exhaust available state remedies.

The judgment below is reversed as to the issue of suppressed evidence. That part of the judgment dealing with the propriety of the lineup is vacated. The case is remanded to the district court for further proceedings not inconsistent herewith.

Reversed in part, vacated and remanded in part.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.